THE MAYOR AND ALDERMEN OF SAVANNAH, plaintiffs in error, vs. THOMAS J. CHARLTON, defendant in error.

NOTE.—WARNER, C. J., did not preside in this case.

1. When a physician is licensed by the authority of the State to practice medicine, the city of Savannah cannot require him, under a penalty, to take out license before he can practice his profession in the city.

2. The practice of his profession in the city is the subject of taxation by the corporation, but not of a license.

Licensing power of Mayor and Aldermen of Savannah. *Certiorari* from Chatham Superior Court. Decided by Judge FLEMING. January Term, 1867.

Dr. Thomas J. Charlton, a physician in Savannah, Georgia, was fined by the Mayor $100.00 for practicing without a license.

By his petition for *certiorari* the following facts were set forth : That defendant in error is a practicing physician in the city of Savannah, county of Chatham, Georgia, and was such prior to January 1st, 1863, and entitled to practice, by virtue of a diploma and a license from The Savannah Medical College, incorporated by the General Assembly of Georgia, with power to license its graduates to practice in the State of Georgia, and also by virtue of an act of the General Assembly of the State of Georgia, approved 9th March, 1866, being amendatory of § 1350 of the new Code of Georgia; that defendant was on the 12th February, 1867, brought before the Mayor of said city, charged with violating the 3d Section of an ordinance of said city, passed 26th December, 1866, which provides that every physician shall be compelled and required to take out a license annually, on the first day of January, or within ten days thereafter, and independently of the income or commission tax, to pay therefor fifty dollars; and on failure to take out such license, such person shall be fined, on conviction, one hundred dollars for each day's default; that he was fined by the Mayor $100.00 for practicing in the city without a license from the city, and

The Mayor, &c., *vs.* Charlton.

that he appealed to the City Council, who confirmed said sentence.

The statements in the petition being admitted to be true, and a return to the *certiorari* waived, the case was argued on the petition and law alone.

The Judge reversed the sentence, on the grounds that the Mayor and Aldermen of the city of Savannah had no authority to require defendant to take out such license, that a license is not a tax on person or property, but a sale by the corporation of permission to do that which, without such permission would be illegal, and that the 3d section of said ordinance is in conflict with the act of the General Assembly, approved 6th March, 1866.

The plaintiff in error assigns said judgment and the propositions thus laid down by the Judge as error.

EDWARD J. HARDEN, HENRY R. JACKSON, for plaintiffs in error.

THOMAS E. LLOYD, HARTRIDGE & CHISHOLM, for defendant in error.

WALKER, J.

1. By the laws of the State, defendant in error was licensed to practice medicine anywhere in the State. The authorities of the city of· Savannah passed an ordinance which, among other things, ordained that every physician in the city shall be compelled to take out license annually, on the first day of January, or within ten days thereafter, for which he shall pay fifty dollars. On failure to take out such license, such person shall be fined, on conviction, one hundred dollars for each day's default. If no property of the party can be found out of which to raise said fine money, he is liable to be imprisoned. The defendant says the city has no authority to require him to procure a license, the Court below so decided, and the city brings up the case for review.

What is a license? It is defined to be a right given by some competent authority to do an act which, without such

authority, would be illegal. Bouv. L. D. *in locis.* The position of the city, then, is that, notwithstanding Dr. Charlton has license from the State to practice medicine anywhere in the State, yet if he exercises the privilege thereby granted, in the city of Savannah, without a license from the city, it will be illegal. In other words, if he acts under the license from the State, he becomes a criminal. The effect of which is to elevate the ordinance of the city above the laws of the State.

But it is insisted that the city has authority to tax this physician under the law—Code, Sec. 4756—and that the license-fee is a mere tax, and the paper called a license a receipt for the money, that this really is a contest about words merely, and substantially there is no difference between a license and a tax. We cannot assent to this. A tax is a rate or sum of money assessed on the person, property, etc., of the citizen, while a license confers a privilege, and makes the doing of something legal, which, if done without it, would be illegal. Under the name of a license, Dr. Charlton cannot be prohibited from availing himself, in the city, of the privilege conferred on him by the State.

2. He is not here contesting the authority of the city to tax him for practicing his profession; what he contends for, is that the city shall not make that illegal which by the law of the State is legal. We see no good reason why the city may not tax the practice of any profession within the corporate limits. We might elaborate, but deem it unnecessary. Judge FLEMING decided this case correctly.

Judgment affirmed.