19992. GUNBY *et al.*, Commrs., *v.* YATES, Ordinary.

ARGUED FEBRUARY 10, 1958—DECIDED MARCH 7, 1958.

*Adams & McDonald, Ernest McDonald,* for plaintiffs in error.
*Joe B. Tucker, R. Carter Pittman, Pittman, Kinney & Pope,* contra.

ALMAND, Justice. The judgment under review is one sustaining general demurrers to a petition for the writ of mandamus absolute.

By an act of 1953, the General Assembly of Georgia provided a system of retirement benefits for county ordinaries, wherein a board, to be known as The Commissioners of the Ordinaries Retirement Fund of Georgia, was appointed, consisting of the Governor of Georgia, the Attorney-General of Georgia, and three ordinaries, such board being vested with the control of all funds received and disbursed. To be eligible to participate upon his retirement at the age of 60, an ordinary was required to pay into the retirement fund monthly 5 percent of the net amount he had received for his official services as ordinary. Ga. L. 1953 (Nov.-Dec. Sess.), p. 362. The act created the position of secretary-treasurer for the board and authorized and directed the State Auditor to make an annual audit of the acts of the board and report the same to the legislature. Section 8 of the act as

amended provides: *"The sum of one dollar for each marriage license sold* in each county of this State *shall be paid to the board.* This amount shall be deducted from the cost of marriage licenses by each ordinary and retained by him. . . The sums remitted to the board under this paragraph *shall be used for the purpose of paying retirement benefits* herein provided for *and the cost of administration* incurred by the board, provided, however, *the sum of $1.00* as provided herein *shall be in addition to the fees now prescribed for such services."* (Italics ours.) Ga. L. 1955, p. 645 (Code, Ann., § 24-1708a).

Eugene Gunby and others, as Commissioners of the Ordinaries Retirement Fund of Georgia, filed their petition in the Superior Court of Catoosa County against Harold Yates, as Ordinary of Catoosa County, in which they alleged that Yates had sold 2,760 marriage licenses between January, 1957, and September 30, 1957, and had failed to remit to the board after demand the sum of one dollar for each of such marriage licenses sold, and prayed that a mandamus absolute be granted, requiring Yates to pay $2,760.00 to the board. The defendant filed his general demurrers to the petition, in which he asserted that the act of 1953, supra, as amended by the act of 1955, supra, violated several enumerated provisions of the Constitution of Georgia.

The constitutional attack of the defendant is directed entirely to section 8 of the amended act, one of the grounds being that the collection and payment of one dollar from the sale of each marriage license by the ordinaries of the State into the Ordinaries' Retirement System violates Art. 7, Sec. 2, Par. 1 of the Constitution of Georgia (Code, Ann., § 2-5501), in that it is an attempt to impose a tax upon only those persons seeking marriage licenses, for the benefit of a particular and limited class of citizens, and that such tax is not for a purpose authorized by the Constitution of Georgia. The above-cited paragraph of the Constitution provides: "The powers of taxation over the whole State shall be exercised by the General Assembly for the following purposes only"; and among the purposes specified, no provision is made for levying taxes for the purpose of paying retirement benefits to county ordinaries.

Whether there is any merit to this constitutional attack depends upon the answer to this question: Does the provision of section 8

of the amended act, authorizing the collection of one dollar for each marriage license sold, amount to a fee or compensation for services rendered, or rather is it a tax levied upon the sale of the marriage license? A tax is an enforced contribution exacted pursuant to legislative authority for the purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or a service rendered. United States v. Butler, 297 U.S. 1, 61 (56 Sup. Ct. 312, 80 L. ed. 477); Central Savings Bank in City of New York v. City of New York, 279 N. Y. 266 (18 N. E. 2d 151, 121 A. L. R. 607); Curren v. Schommer, 392 Ill. 17 (63 N. E. 2d 744, 167 A. L. R. 1347); Pittsburgh Milk Co. v. City of Pittsburgh, 360 Pa. 360 (62 Atl. 2d 49); Memphis Natural Gas Co. v. McCanless, 183 Tenn. 635 (194 S. W. 2d 476). As a general rule, fees prescribed for public officers are not taxes but compensation for particular services, unless the object and purpose of the charge is to provide general revenue rather than compensation for services rendered. Dickson v. Jefferson County Board of Education, 311 Ky. 781 (225 S. W. 2d 672); State v. Montevallo Coal Mining Co., 29 Ala. App. 318 (197 So. 82). A fee is a charge fixed by law as compensation for a public officer, while a tax is a forced contribution to the public needs of government. Stewart v. Verde River Irrigation & Power District, 49 Ariz. 531 (68 Pac. 2d 329). If a fee is required for a license to carry on a business and is intended to raise revenue, its exaction is an exercise of the power of taxation. *Home Insurance Co. of New York* v. *City Council of Augusta*, 50 *Ga.* 530; *Publix-Lucas Theaters* v. *City of Brunswick*, 206 *Ga.* 206 (2) (56 S. E. 2d 264).

The legislature's characterization of the amounts collectible by a public officer for services rendered as being fees is not controlling on the question of whether they constitute fees or taxes, if the burden imposed is devoid of the essential nature of fees. Smith v. Carbon County, 90 Utah 560 (63 Pac. 2d 259, 108 A. L. R. 513); In re Opinion of the Justices, 94 N. H. 515 (53 Atl. 2d 194). The fees that ordinaries are allowed to collect for the issuance of a marriage license are fixed by law. Code (Ann.) § 24-1716. We are of the opinion that it was clearly the intent and purpose of section 8 of the act of 1953, supra, as amended by the act of 1955, supra, that no part of this statutory fee would

be paid into the retirement fund, but that the ordinaries, on the issuance of the license, would be required to charge an additional one dollar, and this one dollar for each license would be paid into the retirement fund. Such being the case, the collection of this extra one dollar was not for the purpose of compensating the ordinary for a service rendered, but was for the purpose of raising revenue for the expenses of operating the retirement board and paying benefits to retired ordinaries, and it is therefore a tax and not a fee. There being no constitutional authority for the General Assembly to levy a tax for the payment of monetary benefits to retired ordinaries, section 8 of the act as amended plainly violates Art. 7, Sec. 2, Par. 1 of the Constitution of Georgia (Code, Ann., § 2-5501), and is therefore invalid. This ruling does not in any way conflict with our previous rulings in *Cole* v. *Foster*, 207 *Ga.* 416 (61 S. E. 2d 814), and *McCallum* v. *Bryan*, 213 *Ga.* 669 (100 S. E. 2d 916), in that those cases involved an allocation of one dollar out of certain fines and bond forfeitures in criminal and quasi-criminal cases to be paid into the Peace Officers Annuity and Benefit Fund, and since such allocation was clearly not a tax, it was held to be a proper subject matter for legislation. Whether section 8 of the act as amended violates other enumerated provisions of the Constitution, as contended by the defendant, need not be decided.

It was not error to sustain the general demurrers of the defendant and dismiss the petition.

*Judgment affirmed. All the Justices concur.*