20423. AGRICULTURAL COMMODITIES AUTHORITY *et al. v.* BALKCOM.

CANDLER, Justice. The Agricultural Commodities Authority was created by an act which the General Assembly passed in 1951 (Ga. L. 1951, p. 717). The commodities affected thereby are

tobacco, cotton, and peanuts, and by section 7 of the act its provisions do not become effective as to any one of those commodities until the producers thereof have an opportunity to vote at an election, which the act provides for, and then only when two-thirds of those voting in the election vote in favor of its effectiveness as to that particular commodity. The act was amended in 1958 (Ga. L. 1958, p. 237), and as amended section 10 thereof provides: "There is hereby levied and the authority is authorized to collect as an aid in effectuating the purposes of this act an assessment to be used by the authority for the purposes herein enumerated, the following assessment charges: . . . 3. Not less than twenty-five cents nor more than one dollar per ton on all peanuts grown or sold in the State of Georgia." The act also provides that the purchaser of the commodity peanuts shall collect from the producer the levied amount for each ton so purchased and remit it to the Authority within a specified period of time. The plaintiff instituted this litigation against the Authority and its five members to recover $81.27, which the Blakely Peanut Company, as a dealer in peanuts, allegedly collected from him and remitted to the Authority during September, 1958, on the basis of $1 per ton for peanuts sold and delivered to it. The petition alleges that the defendant caused an election to be held on June 24, 1958, as provided for by section 7 of the act with respect to the commodity peanuts; that all of the provisions of the act governing such an election were fully complied with; that each ballot cast at the election showed the assessment to be levied on all peanuts grown or sold in the State, which was fixed at $1 per ton; and that more than two-thirds of those voting in the election voted in favor of the proposal to put that particular agricultural commodity under the program authorized by the amended act. The petition alleges that section 10 of the act as amended is null and void because it offends several enumerated provisions of the Constitution of 1945. The prayers are for a money judgment and for an injunction to prevent the Authority from making further assessments and collections of the tax imposed by the amended act. General and special demurrers to the petition were overruled, and the exception is to that judgment. *Held:*

1. One of the attacks made on the constitutionality of section 10 of the act of 1951 as amended by the act of 1958 is that it offends art. 7, sec. 2, par. 1 of the Constitution of 1945 (Code,

Ann., § 2-5501), which provides that "The powers of taxation over the whole state shall be exercised by the General Assembly for the following purposes only: . . . 8. To advertise and promote the agricultural, industrial, historic, recreational and natural resources of the State of Georgia." A tax is a rate or sum of money assessed on the person, property, etc., of the citizen. Bouvier Law Dict.; *Mayor &c. of Savannah* v. *Charlton*, 36 *Ga.* 460. But a license is issued under the police power of the authority granting it, permitting the performance of an act which, except for payment of the prescribed fee, would be prohibited; and if the fee required for the license is intended for revenue, its exaction is an exercise of the power of taxation. Cooley's Const. Lim. 201; *Publix-Lucas Theaters* v. *City of Brunswick*, 206 *Ga.* 206 (2) (56 S. E. 2d 254). On application of this principle, the assessment which the Authority is empowered to levy and collect from the producers of the commodity peanuts, under the attacked section of the amended act, is unquestionably a tax on that particular agricultural commodity, which is levied and collected by the State through one of its instrumentalities solely for the purpose of advertising and promoting such commodity by the Authority. See *Home Insurance Co. of N. Y.* v. *City Council of Augusta*, 50 *Ga.* 530; *Publix-Lucas Theaters* v. *City of Brunswick*, supra; *Gunby* v. *Yates*, 214 *Ga.* 17 (102 S. E. 2d 548). And since it is not a tax which the General Assembly has constitutional power to impose only on that particular agricultural commodity for any one of the purposes enumerated in the aforementioned provision of the Constitution, it is elementary that the General Assembly is without constitutional authority to create an instrumentality of the State and clothe it with power to impose a tax on such commodity, a power which it does not itself possess. The State can never do indirectly that which it cannot lawfully do directly. *State Ports Authority* v. *Arnall*, 201 *Ga.* 713 (41 S. E. 2d 246). And the invalidity of the attacked section is not cured either by the election which section 7 of the act provides for, or by that provision of section 10 which requires the Authority to refund the amount levied and collected from a dissatisfied producer of such commodity when a demand for such refund is made in writing within thirty days from the date it was collected. Restitution does not fully satisfy the injury which results to one from the wrongful levy and col-

lection of a tax for the. payment of which he is not legally liable. The ruling here made is not in conflict with the ones in *Cole* v. *Foster*, 207 *Ga.* 416 (61 S. E. 2d 814), and *McCallum* v. *Bryan*, 213 *Ga.* 669 (100 S. E. 2d 916). Those cases, for the reason therein pointed out, did not involve the imposition of a tax.

2. Since section 10 of the amended act is clearly unconstitutional for the reason stated in the preceding division, it is not necessary to pass on the other attacks made on its validity.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1959—DECIDED MAY 8, 1959—REHEARING DENIED JUNE 5, 1959.

*Stone & Stone, Lowery S. Stone,* for plaintiffs in error.
*Phillip Sheffield,* contra.

