24241. CAMPBELL, Commissioner v. FARMER et al.

ARGUED SEPTEMBER 12, 1967—DECIDED SEPTEMBER 21, 1967.

*Arthur K. Bolton, Attorney General, George J. Hearn, III, Assistant Attorney General, A. Joseph Nardone, Jr., Deputy Assistant Attorney General,* for appellant.

*Mathews & Knight, Nathan G. Knight,* for appellees.

NICHOLS, Justice. In *Agricultural Commodities Authority v. Balkcom,* 215 Ga. 107 (109 SE2d 276), decided in 1959, it was held that the General Assembly was without authority to levy a tax on a particular agricultural commodity to promote and advertise such commodity. Thereafter, in 1960, the General Assembly proposed and the voters ratified an Amendment to the Constitution (Art. VII, Sec. II, Par. I-A; *Code Ann.* § 2-5501.1), as follows: "Any other provision of this Constitution to the contrary notwithstanding the General Assembly, may provide for the promotion of the production, marketing, sale, use and utilization, processing and improvement of any one or all of the agricultural products including, but not limited to, livestock and livestock products, poultry and poultry products, timber and timber products, fish and sea food and the products of the farms and forests of this State. The General Assembly may provide for the promotion of such products individually, collectively, or in any combination thereof. The General Assembly may provide a means of financing any such promotion by imposing assessments, fees or other charges upon the sale or processing of the affected products and may authorize the acceptance of gifts and donations, and may provide for the disposition of any funds arising under any such program without the necessity of such funds being placed in the State Treasury or being appropriated by the General Assembly. The General Assembly may provide for the supervision of any such program by the Department of Agriculture. The General Assembly may create instrumentalities, public corporations, authorities and commissions to administer such programs. The uniformity requirement of this Constitution shall be satisfied by the application of the program upon the affected products."

Following the ratification of such Amendment the General Assembly enacted the "Georgia Agricultural Commodities Promotion Act," supra, which provides for the creation of public corporations (commissions) to "promote" the different agricultural products of Georgia and grants to such commissions authority to make "assessments" to finance their operations. These assessments were held in *Agricultural Commodities Authority v. Balkcom,* 215 Ga. 107, supra, to be taxes, and while

the objection that the General Assembly was without authority to levy such a tax was cured by the 1960 amendment to the Constitution, supra, and while such amendment authorized the creation of "instrumentalities" to *administer* such programs it did not authorize the delegation of the State's taxing power to such instrumentalities. Clearly the Act of 1961, supra, attempted to delegate such authority; and the inclusion in the Act of the language: "The assessments, fees and other levies adopted pursuant to the provisions of this Section are hereby expressly levied by the General Assembly as provided by the Constitution of this State" did not make the tax levies those of the General Assembly. The Act of 1961, supra, which attempts to delegate the power of the General Assembly to levy taxes is in conflict with the provisions of Art. III, Sec. I, Par. I (*Code Ann.* § 2-1301), and Art. I, Sec. I, Par. XXIII (*Code Ann.* § 2-123), of the Constitution and for that reason is unconstitutional. The judgment of the trial court sustaining the defendant's attack upon the Act and dismissing the plaintiff's petition was not error.

*Judgment affirmed. All the Justices concur.*