### 43529. HAWES, Commissioner v. LOCKHEED AIRCRAFT CORPORATION.

WHITMAN, Judge. This case involves a disputed assessment for sales taxes arising solely out of the sale of water by the Cobb County-Marietta Water Authority to the Lockheed Aircraft Corporation. The water involved is apparently "tap water" as the parties have stipulated that no mineral water, carbonated water or containerized water is involved.

Section 3(c)2(g) of the Georgia Retailers' and Consumers Sales and Use Tax Act (Ga. L. 1951, p. 360, as amended; *Code Ann.* § 92-3403a.C.(2)(f) provides that: "The tax levied by this Chapter shall not apply to the sale of water by *municipal corporations* or *other political subdivisions* of this State . . ." (Emphasis supplied.)

Section 2 of the Act creating the Cobb County-Marietta Water Authority (Ga. L. 1951, p. 497, as amended) provides, inter alia, that: "There is *hereby created a body corporate and politic* to be known as the Cobb County-Marietta Water Authority, which *shall* be deemed to be a political subdivision of the State of Georgia and a public corporation." (Emphasis supplied.)

We can agree with appellant that the legislature can not by mere designation in legislation ascribe a status to something which does not in fact exist. See *Gunby v. Yates*, 214 Ga. 17, 19

(102 SE2d 548). However, it is our view, and we so hold, that having regard to the provisions of the Water Authority Act in respect of the Authority and its purpose, powers, governing body and territorial operation, all as set forth in the Act, the creation of the Authority and its characterization as a political subdivision of the State and a public corporation constituted a legal and valid exercise of the legislative power. See *Richmond County Hospital Authority v. McLain*, 112 Ga. App. 209, 210 (144 SE2d 565), wherein the court said: "The general rule is that an authority, which is an agency of one or more participating governmental units created by statute for the specific purpose of having delegated to it certain functions governmental in character, is not a political subdivision *unless recited to be so in the pertinent constitutional or statutory instruments creating it."* (Emphasis supplied.) See also Comm'r of Int. Rev. v. Shamberg's Estate, 144 F2d 998, cert. den. 323 U. S. 792 (65 SC 433, 89 LE 631); Comm'r of Int. Rev. v. White's Estate, 144 F2d 1019, cert. den. 323 U. S. 792 (65 SC 433, 89 LE 632).

The Act providing for the tax and the Act creating the Water Authority must be construed together in their relation to each other. The Sales Tax Act provides that it shall not apply to the sale of water by political subdivisions. The Cobb County-Marietta Water Authority Act provides that the Authority *shall be deemed* to be a political subdivision. It is obvious that the legislature by the two Acts intended that sales by the Water Authority such as are involved in this case should be exempt from the sales tax. See *Carroll v. Ragsdale*, 192 Ga. 118, 120 (15 SE2d 210); *Drake v. Thyer Mfg. Corp.*, 105 Ga. App. 20, 22 (123 SE2d 457).

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Eberhardt, Deen and Quillian, JJ., concur. Felton, C. J., and Pannell, J., dissent.*

Argued March 4, 1968—Decided July 3, 1968— Rehearing denied July 29, 1968—

*Arthur K. Bolton, Attorney General, William L. Harper, Louis F. McDonald, Assistant Attorneys General, Joel M. Feldman, Deputy Assistant Attorney General,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harry S. Baxter, Albert C. Tate, Jr.,* for appellee.

FELTON, Chief Judge, dissenting. I do not agree that the General Assembly intended to exempt the Cobb County-Marietta Water Authority from the sales tax on water unless it actually created an Authority which the tax Act exempted. I think that it could have done so (if it complied with the Constitution), but the Act creating the Authority did not create a body politic and the Sales and Use Tax Act does not exempt a body which was sought by the legislature to be constituted a body politic but which *is not*. If the exempting Act had exempted political *subdivisions* or *authorities which the legislature said were to be deemed such, whether they actually were or not,* the majority ruling would be correct. I do not think it is good logic to say that because the legislature might have had the power to exempt an authority from taxes, whether it was a body politic or not, it will be deemed to have done so when it sought to create a tax-exempt body but did not succeed in doing so.