Editor Note: This statute has been change and re-codified as 25 O.S. 301 [25-301] et seq. ** OPEN MEETING LAW — LEGISLATIVE COMMITTEES Legislative committee meetings are not covered by the Oklahoma Open Meeting Law, 29 O.S. 201 [29-201] (1971). The Attorney General's office is in receipt of your opinion request wherein you ask the following question: "Are meetings of the legislative committees covered by the Oklahoma Open Meeting Act, Title 25 O.S. 201 [25-201] and 25 O.S. 202 [25-202] of the Oklahoma Statutes?" Title 25 O.S. 201 [25-201] (1971) states: "All meetings of the governing bodies of all municipalities located within the State of Oklahoma, boards of county commissioners of counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all other boards, bureaus, commissions, agencies, trusteeships or authorities in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, must be public meetings, and in all such meetings the vote of each member must be publicly cast and recorded. "Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee; provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded. "Any action taken in violation of the above provisions shall be invalid. "Any member of the Legislature appointed as a member of a committee of either branch of the Legislature or joint committee thereof or a committee of the State Legislative Council shall be permitted to attend any executive session of any state agency, board or commission authorized by this act whenever the jurisdiction of such committee includes the actions of the public body involved." It is clear that if legislative committees are to fall within the definition of bodies subject to the open meeting law it would be under the definition of the word "authorities" as used in Section 201. While Oklahoma has not defined the word "authority" as used in this section, two jurisdictions have indicated that an authority is something other than a legislative committee. In Nawes v. Lockheed Aircraft Corporation, 162 S.E.2d 896 the Court said that an "authority" is an agency of one or more participating governmental units created by statute for a specific purpose of having delegated to it certain functions governmental in character. And in Application of Municipal Authority of Upper St. Clair Tp., Allegheny County, 184 A.2d 695, the Court said that an "authority" organized pursuant to Municipal Authorities Act or other similar legislation, is a corporate agency of the State, created by the State with powers and duties prescribed by statute and character, and not the creature, agent or representative of a municipality organizing such authority. Therefore, it would seem apparent that a legislative committee has not been interpreted nor was it meant to be defined as an authority within the meaning of this act. In addition, Article V, Section 30 of the Oklahoma Constitution, Section 30, states that: "Each House shall be the judge of the elections, returns, and qualifications of its own members, and a majority of each shall constitute a quorum to do business; but a smaller number may adjourn from day to day, and may be authorized to compel the attendance of absent members, in such manner and under such penalty as each House may provide. "Each House may determine the rules of its proceedings, punish its members for disorderly behavior, and, with the concurrence of two-thirds, expel a member. "Each House shall keep a journal of its proceedings, and from time to time publish the same. The ayes and nays of the members of either House on any question, at the desire of one fifteenth of those present shall be entered upon its journal. "Neither House, during the session of the Legislature, shall, without the consent of the other, adjourn for more than three days, nor to any other place than that in which the two Houses shall be sitting." (Emphasis added) We are bound in construing legislative enactments to follow the intent of the Legislature. If such intent is clear and unambiguous we are bound to follow such intent in interpreting the provisions applicable to the question. Special Indemnity Fund v. Harold, Okl., 398 P.2d 827. In construing 25 O.S. 201 [25-201] (1971) together with Article V, Section 30 of the Oklahoma Constitution, we can only conclude that if the Legislature had intended to subject itself to the Open Meeting Law such language would have been included in 25 O.S. 201 [25-201] (1971). There being no such language contained in the statute we can only conclude that it was not the intent of the Legislature to subject its operation to the Open Meeting Law for committee meetings. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that legislative committee meetings are not covered by the Oklahoma Open Meeting Law, 25 O.S. 201 [25-201] (1971). (Robert H. Mitchell)