33285. HOLCOMBE v. GUNBY et al.
33286. TUCKER et al. v. HOLCOMBE et al.

NICHOLS, Chief Justice.
Appellees, Commissioners of the Judges of Probate Courts Retirement Fund of Georgia, filed suit against the Judge of the Probate Court of Lowndes County, Hartford Accident & Indemnity Company, as surety on the judge's official bond from January 1, 1961, through December 31, 1972, and Reserve Insurance Company, as surety on the judge's official bond from January 1, 1973, through May 16, 1976, to recover sums alleged due by the judge, jointly and severally with his sureties, for contributions to the retirement fund. The judge, Hartford, and Reserve urged in defense that the statute was unconstitutional and that a portion of the action was barred by the statute of limitation.

Based upon stipulations of fact, the trial court found that Code Ann. § 24-1708a was not unconstitutional under Art. VII, Sec. II, Par. I of the Constitution (Code Ann. § 2-4701), which enumerates the purposes for which

the state may exercise its power of taxation, or under the due process and equal protection clauses of the Constitutions of Georgia and the United States. Further, the court found that the applicable statute of limitation was Code Ann. § 89-832 rather than Code Ann. § 3-704 and therefore limited the board's recovery against the judge and his sureties.

Main Appeal, Case No. 33285

1. The judge contends that the trial court erred in not finding the statute unconstitutional on all grounds asserted. He argues that the present case clearly is controlled by *Gunby v. Yates,* 214 Ga. 17 (102 SE2d 548) (1958).

The *Gunby* decision found a prior version of Code Ann. § 24-1708a unconstitutional. See Ga. L. 1953, Nov.-Dec. Sess., pp. 362, 365, as amended by Ga. L. 1955, pp. 645-646. That prior section provided for the allocation to the probate judges' retirement fund of one dollar for each marriage license sold in each county of the state. The statutory provision recited that the one dollar contribution would be in addition to the fee then prescribed for issuing marriage licenses and would be used for the specific purpose of paying retirement benefits. This court in *Gunby* found the provision to be in violation of Art. VII, Sec. II, Par. I of the Constitution because it was a tax not for one of the purposes authorized by the Constitution.

There is no provision in the present version of Code Ann. § 24-1708a which increases the amount charged for the service of processing a marriage license in order to fund the probate judges' retirement system. The statute provides that a flat 20 percent shall be deducted from the fees charged for the stated services, whatever may be the fees. The statute does not provide that an additional amount be exacted from the individual applying for the marriage license in order to offset the 20 percent deduction. Accordingly, the constitutional infirmities existing in the prior version of Code Ann. § 24-1708a are not present in its successor.

2. The judge additionally argues that the statutory provisions violate the equal protection and due process clauses of the United States and Georgia Constitutions.

Assuming, arguendo, that the due process and equal protection attacks are properly raised and presented to this court for review (*Stegall v. Southwest Georgia Housing Authority*, 197 Ga. 571 (30 SE2d 196) (1944)), these arguments are without merit.

Cross Appeal, Case No. 33286

The commissioners' cross appeal contends that the trial court erred in finding that the applicable statute of limitation was Code Ann. § 89-832 rather than Code Ann. § 3-704. The statute of limitation set out in Code Ann. § 89-832 is contained in an Act of the General Assembly which is directly concerned with the accounting of public monies by public officials. Ga. L. 1933, p. 78 et seq.

It is clear that the proper statute of limitation to be applied is the one found in the 1933 Act. The trial court did not err.

*Judgment affirmed on appeal and cross appeal. All the Justices concur.*

ARGUED FEBRUARY 14, 1978 — DECIDED MARCH 8, 1978 — REHEARING DENIED MARCH 28, 1978 IN CASE NO. 33286.

*Blackburn & Bright, J. Converse Bright, Oris D. Blackburn, Jr., O. Wayne Ellerbee,* for Holcombe et al.

*McDonald, McDonald & McDonald, Ernest McDonald, O. Wayne Ellerbee, Oris D. Blackburn, Jr., Arthur K. Bolton, Attorney General, Carl C. Jones, Assistant Attorney General,* for Gunby et al.

*Ernest McDonald, Arthur K. Bolton, Attorney General, Carl C. Jones, Assistant Attorney General,* for Tucker et al.

ON MOTION FOR REHEARING

The Board of Commissioners of the Probate Judges' Retirement Fund has moved for a rehearing on three grounds.

First, it is urged that Code Ann. § 3-704, rather than Code Ann. § 89-832, is the statute of limitation that should have been applied in the present case because "the reference in . . . [Code Ann. § 89-832] to *such* collecting

officer clearly refers back to Ga. Code §§ 89-830 and 89-831 so as to show an intendment that the statute of limitations provided in Ga. Code § 89-832 applies only to county tax commissioners and county tax collectors."

No such limitation may be placed upon the words "collecting officer," which are defined in Code Ann. § 89-801 so as to include *"not only* State and county tax collectors and revenue agents, *but also* every other person who shall be either generally or specifically elected, appointed, or employed, in whole or in part, to collect on behalf of the State or any of its political subdivisions, or any board, commission, bureau, or department thereof, any tax, revenue, or other monies." (Emphasis supplied.) The words "officer to hold public funds," as used in Code Ann. § 89-832, similarly are defined in Code Ann. § 89-801. The intent of the General Assembly is further delineated in similar terms in Code Ann. § 89-802.

Secondly, it is urged that although the Probate Judges' Retirement Fund is a statewide retirement system, "it is *not* a part of the executive branch of government of the State of Georgia. It is not an agency, board, bureau, or commission of the State. Obviously, it is also not a county government."

This argument misses the point. Under Code Ann. § 24-1708a, the ordinary is a "collecting officer" for the *county* within the meaning of Code Ann. § 89-801 when he *collects* the fees for marriage licenses. He is an "officer to hold public funds" for the *county* within the meaning of Code Ann. § 89-801 when he *holds* 20 percent of the fees collected separately from the remainder of the fees and when he *disburses* to the fund, in behalf of the *county,* the 20 percent withheld. Thus, Code Ann. § 89-832 is the applicable statute of limitation.

Third, it is suggested that this court overlooked the case of *Crow v. McCallum,* 215 Ga. 692 (113 SE2d 203) (1960) which applied Code Ann. § 3-704 to a suit brought by the Commissioners of the Peace Officers' Annuity & Benefit Fund against certain city officials seeking to compel payment to the fund of certain amounts alleged to be due to the fund out of fines and forfeitures. The only issue presented and decided in that case was whether the four-year statute of limitation applicable to suits on open

accounts or, instead, Code Ann. § 3-704 should have been applied. No contention was made, as in the present case, that Code Ann. § 89-832 rather than Code Ann. § 3-704 should have been applied.

*Motion for rehearing denied.*