REIDY TERMINAL, INC., Appellant,

v.

DIRECTOR OF REVENUE,
et al., Respondents.

No. 77314.

Supreme Court of Missouri,
En Banc.

May 30, 1995.

Rehearing Denied June 20, 1995.

Michael J. Davis, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Timothy Duggan, F. Martin Dajani, Asst. Attys. Gen., Jefferson City, for respondents.

PRICE, Judge.

This is a petition for review from a decision of the Administrative Hearing Commission (AHC) denying Reidy Terminal, Inc.'s (Reidy) request for a refund of surcharges paid into the underground storage tank insurance fund under § 319.132.1, RSMo.[1] We hold that the surcharges paid constitute an impermissible burden on interstate commerce in violation of the commerce clause of the United States Constitution.

I.

Reidy owns a tugboat refueling facility on the bank of the Mississippi River near St. Louis. Reidy receives its diesel fuel from barges. It pumps the fuel to an above-

---

1. All statutes are RSMo 1994 unless indicated otherwise.

ground storage tank through a pipeline that is also above ground, except for a fifteen-foot section that lies under a private road. The fuel remains in the aboveground storage tank until it is delivered to other barges through the same pipeline. The fifteen-foot section of pipe that lies under the road constitutes far less than ten percent of Reidy's pipeline-tank assembly.

Chapter 319 controls the regulation of underground storage tanks, defined as tanks "used to contain an accumulation of regulated substances [such as petroleum products], and the volume of which, including the volume of the underground pipes connected thereto, is ten percent or more beneath the surface of the ground." § 319.100(11). The chapter provides for the creation of an insurance fund to "provide moneys for cleanup of contamination caused by releases from underground storage tanks whose owner or operator is participating" in the fund, as well as providing for coverage of third-party claims for bodily injury or property damage from such releases. §§ 319.129, 319.131.5. Section 319.129.1 expressly provides that moneys in the fund "shall not be deemed to be state funds" and that such moneys "shall not be transferred to general revenue at the end of each biennium." Participation in the fund is expressly limited to owners or operators of underground storage tanks. § 319.131.1.

Section 319.132.1 provides that "[t]he director of the department of natural resources shall assess a surcharge on persons first receiving all petroleum products within this state...." The amount of this surcharge is to be between fifteen and twenty-five dollars per transport load, as determined by the Director of the Department of Natural Resources (DNR). §§ 319.132.3, 319.133.1. Section 319.132.1 makes no distinction between persons with aboveground tanks and persons with underground tanks. Both are charged the same amount. All revenue generated by these surcharges is deposited into the underground storage tank insurance fund. While Reidy is subject to this surcharge as a person who first receives petrole-

um products, it is ineligible to benefit from the insurance fund because it does not operate underground storage tanks.[2]

From October 1991 through February 1993, Reidy filed Form No. 591 with the Department of Revenue (DOR). This form indicates the number of gallons of fuel received monthly and imposes a surcharge of $25.00 per 8,000 gallons of fuel received per month. Reidy attempted to pay these surcharges under protest, but was informed by an employee of DOR that Chapter 319 does not allow for protests. The employee then suggested that Reidy ask the DOR for a letter ruling or file for a refund. After remitting the surcharges, Reidy filed a request for a refund for all amounts paid, plus interest. The total amount Reidy paid through February 1, 1993, was $107,088.04.

On May 12, 1993, Reidy filed a complaint with the AHC. Upon motion of the DOR, the DNR was added as a co-respondent. In its decision dated August 16, 1994, the AHC: 1) declined to rule the constitutional issues citing *The Williams Companies v. Director of Revenue*, 799 S.W.2d 602, 604 (Mo. banc 1990); 2) ruled that the DOR had authority to issue refunds; and 3) ruled that the surcharge was applicable to Reidy as a "person" who first received petroleum products. Reidy filed its Petition for Review pursuant to § 621.189 raising the first and third issues above. We have jurisdiction pursuant to Mo. Const. art. V, § 3.

## II.

■ We are required to address Reidy's statutory construction argument first. Resolution of this issue in favor of Reidy would avoid the constitutional issues raised. Reidy argues that the term "persons" in § 319.132.1 should be read in reference to § 319.131 so that it would include only those persons who operate underground storage tanks. Section 319.132.1 does not make any such explicit reference and we cannot so limit such an often used general term. *See, e.g.,*

2. In 1994, section 319.131.1 was amended to provide that "[t]he existence of any aboveground storage tank or tanks at a site where a person is seeking underground storage tank insurance in

accordance with this section shall not in any way adversely affect that person's ability to participate in this program".

§ 1.020(11). Reidy is a person who first receives petroleum products within the State of Missouri and § 132.132.1, as written, would subject Reidy to the surcharge regardless of the fact that Reidy cannot participate in the benefit of the statutorily created insurance fund.

### III.

▮ Reidy is correct, however, that application of the § 319.132.1 surcharge to it violates the commerce clause of the United States Constitution. The surcharge imposed by § 319.132.1 is a fee, not a tax. In *Leggett v. Missouri State Life Insurance Company*, 342 S.W.2d 833, 875 (Mo. banc 1960), we discussed the difference between a fee and a tax as follows:

> Taxes are "proportional contributions imposed by the state upon individuals for the support of government and for all public needs." ... Taxes are not payments for a special privilege or a special service rendered.... Fees or charges prescribed by law to be paid by certain individuals to public officers for services rendered in connection with a specific purpose ordinarily are not taxes, ... unless the object of the requirement is to raise revenue to be paid into the general fund of the government to defray customary governmental expenditures ...

The surcharge imposed by § 319.132.1 does not extend to all Missouri residents, but rather to those who "first receive petroleum products within this state". The proceeds of the surcharge are not paid into the state's general fund for the support of government and all public needs, but, instead, are "deposited to the credit of the special trust fund known as the underground storage tank insurance fund". *Section 319.132.1.* Even the title of § 319.132 refers to the surcharge as a "fee[s]". Finally, the surcharge is only imposed when additional funds are necessary to maintain the underground storage tank insurance fund's balance between eight and twenty million dollars. *§ 319.132.4.*

Despite these clear indicia of a fee, the DOR and the DNR argue that the surcharge cannot be a fee because it provides no benefit to Reidy or to any other person who first receives petroleum products. This argument misses the mark. Section 319.132.1 cannot be read in isolation from the rest of Chapter 319. This chapter creates an underground storage tank insurance fund. The fund is financed by fees imposed upon receipt of petroleum in Missouri, § 319.131.1; registration fees for underground tanks, § 319.123 and § 319.129; and annual premiums, § 319.133. The glitch that resulted regarding owners of only aboveground storage tanks does not automatically transform this surcharge from a fee to a tax, but instead clearly focuses the constitutional question at issue.

### IV.

The commerce clause of the United States Constitution, Art. I, § 8, has been interpreted to prohibit the various states from discriminating against interstate commerce. In *Evansville–Vanderburgh Airport Authority District v. Delta Airlines, Inc.*, 405 U.S. 707, 92 S.Ct. 1349, 31 L.Ed.2d 620 (1972), the United States Supreme Court set the standard for the constitutionality of fees imposed on interstate commerce. *Evansville* provides that such a fee will "pass constitutional muster" if: (1) the fee does not discriminate against interstate commerce; (2) the fee reflects "a fair, if imperfect, approximation" of the value of the benefit conferred; and (3) the fee is not excessive in relation to the costs incurred by the taxing authority. *Id.* at 717–19, 92 S.Ct. at 1355–57. These factors were restated recently in *Northwest Airlines, Inc. v. County of Kent, Michigan*, —— U.S. ——, ——–——, 114 S.Ct. 855, 863–864, 127 L.Ed.2d 183 (1994).

▮ Reidy does not allege a violation of the first and third prongs of the *Evansville/Northwest Airlines* test. Instead, Reidy asserts that the second prong clearly was violated, as any charge would be unfair in light of the fact that benefits were nonexistent. We agree. It is true that the charge to benefit ratio need not be precise. Indeed, the charges imposed even may exceed the benefits received, without constitutional violation. *Atchison, Topeka & Santa Fe Railway Co. v. Public Utilities Commission of California*, 346 U.S. 346, 74 S.Ct. 92, 98 L.Ed. 51 (1953). However, this principle

may not be stretched so far as to permit the imposition of charges when the payor is absolutely ineligible to receive any benefit. We hold that § 319.132.1 is unconstitutional as applied to Reidy.[3]

## V.

Neither the DOR nor the DNR cross appealed the AHC'S determination that the DOR had authority to refund to Reidy the payments it had made into the underground storage tank insurance fund. Reidy did not raise as an issue the failure of the AHC to award interest. Accordingly, we affirm the decision of the AHC to the extent that it construed the term person within § 319.132.1 to include Reidy and we affirm the decision of the AHC that the DOR has authority to refund monies improperly paid into the underground storage tank insurance fund. We hold, however, that application of the § 319.132.1 surcharge against Reidy is a violation of art. I, § 8 of the United States Constitution and remand for further action consistent with this opinion.

COVINGTON, C.J., BENTON, THOMAS, LIMBAUGH and ROBERTSON, JJ., and SHANGLER, Special Judge, concur.

HOLSTEIN, J., not sitting.

---

3. Because we invalidate § 319.132.1 as applied to Reidy on commerce clause grounds, we do not address Reidy's due process claim, *but see, Dolan v. City of Tigard,* —— U.S. ——, ——, 114 S.Ct. 2309, 2319, 129 L.Ed.2d 304 (1994).