## S98A1447. LUKE v. DEPARTMENT OF NATURAL RESOURCES et al.
(513 SE2d 728)

HINES, Justice.

Luke appeals from the dismissal of his complaint for failure to state a claim upon which relief can be granted. OCGA § 9-11-12 (b) (6). For the reasons that follow, we affirm.

Luke is the owner and operator of an underground storage tank (UST) used in the retail gasoline business. Such UST's are regulated by the Georgia Underground Storage Tank Act (Act). OCGA § 12-13-1 et seq. The Act requires UST operators to maintain evidence of financial responsibility satisfactory to ensure that there will be funds available to take corrective action and provide compensation in the event of a release from a UST. OCGA § 12-13-9 (a). This may be done "in accordance with regulations promulgated by the [B]oard [of Natural Resources] by any one or combination of the following: insurance, guarantee, surety bond, letter of credit, qualification as a self-insurer, or any other method satisfactory to the [B]oard." OCGA § 12-13-9 (b). Additionally, an owner or operator of a UST may satisfy the requirement of showing evidence of financial responsibility by participating in the Underground Storage Tank Trust Fund (Fund). OCGA §§ 12-13-2 (c); 12-13-9 (f); 12-13-10.

Participation in the Fund affords a UST operator stated benefits, such as payment of certain costs of corrective action in the event of a release from a UST, payment of certain costs of action to prevent releases, and payments to injured third parties. OCGA §§ 12-13-9 (f); 12-13-11 (b.1) & (c). Money to operate the Fund is derived from a fee set by the Board of Natural Resources, not to exceed 1.0¢ per gallon. OCGA § 12-13-10 (a). The fee is collected upon the initiative of a UST owner or operator. OCGA § 12-13-10 (a). Those owners and operators who do not participate in the Fund have financial responsibility for 100 percent of preventive, corrective, and enforcement actions as a

result of a UST release, or the substantial threat of a release. OCGA § 12-13-11 (b.1).

1. Luke alleges that the fee for Fund participation is a motor fuel tax within the meaning of Art. III, Sec. IX, Par. VI (b), of the Georgia Constitution of 1983, but that the funds resulting from the fee are not used for "activities incident to providing and maintaining an adequate system of public roads and bridges in this state," or for "grants to counties by law authorizing road construction and maintenance," and the fee therefore violates Art. III, Sec. IX, Par. VI (b), which requires that motor fuel tax revenues be appropriated only for the stated purposes.[1] Luke does not challenge the statutory obligation of showing financial responsibility, only the constitutionality of the Fund and its participation fee as a means of satisfying that responsibility.

The trial court correctly ruled that the language of the statute shows that fees for participation in the Fund do not constitute a tax, and the Fund and its fee mechanism therefore do not violate Art. III, Sec. IX, Par. VI. "A tax is an enforced contribution exacted pursuant to legislative authority for the purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or a service rendered." *Gunby v. Yates*, 214 Ga. 17, 19 (102 SE2d 548) (1958). Of course, the fee at issue gains the payor the privilege of participation in the Fund, with its attendant benefits and services. But more fundamentally, the fee is not in any sense exacted; the owner or operator of a UST may participate in the Fund, and pay the necessary fee, or may opt not to participate and may fulfill the statutory obligations otherwise. Participation is therefore voluntary, and the owner or operator of a UST must initiate collection of the Fund participation fee. "[T]he essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority." 84 CJS, Taxation § 1, p. 32. A tax is not dependent on the will or assent of the person taxed. 71 AmJur2d, State and Local Taxation, § 2, p. 344. The fact that Luke is not required to participate in the Fund in order to satisfy his statutory obligation of showing financial responsibility prevents the fee at issue from being considered a tax.

Fees collected for the Fund are not motor fuel taxes within the meaning of Art. III, Sec. IX, Par. VI, of the Georgia Constitution, and the trial court correctly determined that Luke's complaint failed to state a claim on that basis.

2. Luke also contends the Fund participation fee constitutes an

---

[1] Luke filed a declaratory judgment action seeking to have the Fund and its participation fee declared unconstitutional.

impermissible burden on interstate commerce, in violation of Art. I, Sec. 8, and Art. VI, of the Constitution of the United States, citing *Reidy Terminal v. Director of Revenue*, 898 SW2d 540 (Mo. 1995). However, the holding of *Reidy* is inapposite. That opinion addressed Missouri's statute which required that a surcharge be placed "on persons first receiving all petroleum products within this state," and that all monies received be placed in an underground storage tank insurance fund. Id. at 541. Reidy owned an above-ground tank and could receive no benefit from the insurance fund. The Supreme Court of Missouri ruled the statute unconstitutional because it effected "the imposition of charges when the payor is absolutely ineligible to receive any benefit." Id. at 543. Again, Georgia's Act does not impose any charge; participation in the Fund is voluntary, and there is no "levy." Compare *Northwest Airlines v. County of Kent*, 510 U. S. 355, 369 (114 SC 855, 127 LE2d 183) (1994). Further, Reidy was ineligible to benefit under Missouri's statute because it provided benefits only to those who owned underground storage tanks, while Reidy owned only an above-ground tank; Luke's complaint clearly sets forth that he is the owner and operator of a UST. The fact that receiving the benefits of the Fund may depend upon compliance with requirements other than simple payment, see OCGA § 12-13-11 (d) & (e), does not render Luke a participant who is "absolutely ineligible" to receive benefits.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1999.

*Jewett & Clark, Robin F. Clark, Langston, Frazer, Sweet & Freese, Richard A. Freese, Leslie E. McFall,* for appellant.

*Thurbert E. Baker, Attorney General, Diane L. DeShaza, Timothy J. Ritzka, Michele M. Young, Assistant Attorneys General,* for appellees.

*Stone & Baxter, D. Mark Baxter, Stephen L. Dillard,* amicus curiae.