JOHN WOODWARD, plaintiff in error, *vs.* THE STATE OF
GEORGIA, defendant in error.

Where the defendant was charged with having broke and entered a certain
dwelling-house with intent to commit a larceny, and the evidence showed
the breaking and entering, that the room entered contained clothing and
money, and that the defendant was discovered and caught; whether the de-
fendant intended to commit a larceny was a question for the determination
of the jury, under the facts and circumstances proven.

Criminal law.   Burglary.   Intent.   Before Judge HALL.
Monroe Superior Court.   August Term, 1874.

This case is reported in the decision.

HAMMOND & BERNER, for plaintiff in error.

T. B. CABANISS, solicitor general, by PEEPLES & HOW-
ELL, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "burglary in
the night time," and on the trial thereof was found guilty by
the jury.   A motion was made for a new trial, on the ground
that the verdict was contrary to law, contrary to the evidence,
and without evidence to support it, which motion was over-
ruled by the court, and the defendant excepted.   It appears
from the evidence in the record that the defendant, between
the hours of twelve and one o'clock at night, raised the back
window-sash of the prosecutor's dwelling-house, in which he
and his wife were sleeping, propped it up with a stick and
entered the room through the window, and when discovered,
went out at the window; was pursued and caught.   There
was money and clothing in the room.   Prosecutor had $100 00
in his vest pocket, hanging on the bed-post, but it does not
appear that the defendant stole anything.

Burglary, as defined by the Code, is the breaking and en-
tering into the dwelling, mansion or store-house, or other place
of business of another, where valuable goods, wares, produce

or any other article of value, are contained or stored, with intent to commit a felony or larceny: Code, sec. 4386.  The defendant is charged with having broke and entered the house with intent to commit a larceny, and the point made is, that there is no evidence that such was the intention of the defendant.   The intention of the defendant can only be ascertained from his acts and conduct, and it was a question for the jury to decide, under the facts and circumstances as detailed by the evidence, what was the defendant's intention in breaking and entering the house at the time of night as proved by the prosecutor: Roscoe's Criminal Evidence, 367.   We find no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.