29964. THE STATE v. STONAKER.

GUNTER, Justice.

We granted the state's application for a writ of certiorari to review the decision and judgment of the Court of Appeals in *Stonaker v. State,* 134 Ga. App. 123 (213 SE2d 506) (1975). The Court of Appeals reversed respondent's conviction for what it considered deficiencies in the charge of the trial court to the jury: The failure of the trial judge to charge the jury on a lesser offense to that offense delineated in the indictment, and the trial judge's failure to charge the jury on the subject of conflicting statements of the victim even though no such charge was requested in writing.

The indictment charged the respondent with child molestation: "A person commits child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Code Ann. § 26-2019. The charge to the jury was complete and accurate with respect to this alleged crime.

The Court of Appeals ruled that the evidence would

also authorize a conviction on the lesser included crime of battery, and since the trial judge failed to charge the law with respect to the crime of battery, the charge was erroneous.

It has not heretofore been held by either of our appellate courts that the crime of battery is a lesser crime included in child molestation. Nor has it been heretofore held that a charge on battery must be given when the crime specified in the indictment is that of child molestation.

However, our purpose in granting the application for the writ in this case was to attempt to clarify for the trial courts what must be charged and what may be charged and what need not be charged in the area of lesser included crimes in criminal trials.

We now proceed to set forth the following rules in this area of the criminal law:

(1) The trial judge must charge the jury on each crime specified in the indictment or accusation, unless the evidence does not warrant a conviction of such crime, or unless the state has affirmatively withdrawn a crime or stricken it from the indictment or accusation.

(2) The trial judge also may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a written request by the state or the accused, is not error.

(3) The state or the accused may, by written application to the trial judge at or before the close of the evidence, request him to charge on lesser crimes that are included in those set forth in the indictment or accusation, and his failure to so charge as requested, if the evidence warrants such requested charge or charges, shall be error.

(4) An erroneous charge on a lesser crime to that set forth in the indictment or accusation does not rise to the level of reversible error, unless such charge was harmful to the accused as a matter of law.

By the establishment of these rules it is obvious that the decision of this court in *Kerbo v. State,* 230 Ga. 241 (196 SE2d 424) (1973) and similar rulings in other cases by this court and the Court of Appeals are overruled.

Under the facts of this case we hold that simple

battery as defined in Chapter 26-13 of the Criminal Code of Georgia is not a lesser crime included in the crime of child molestation as defined in Chapter 26-20 (Sexual Offenses) of the Criminal Code of Georgia. It was therefore not error for the trial judge to fail to charge the jury on the crime of simple battery in this case.

The other ruling of the Court of Appeals relating to the failure of the trial judge to charge on the subject of conflicting statements without a written request to do so was also erroneous. In the absence of a written request for such a charge, it is not error for the trial judge to fail to charge the jury on the issue of conflicting statements made by a witness. The charge given by the court in this case was fair and complete, and the failure to charge the jury on the issue of conflicting statements made by a witness, without a written request to so charge, cannot be held to be prejudicial or harmful error.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs specially.*

SUBMITTED AUGUST 8, 1975 — DECIDED JANUARY 8, 1976 — REHEARING DENIED JANUARY 27, 1976.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellant.
*Paul S. Weiner,* for appellee.

HILL, Justice, concurring specially.

I concur in the opinion and judgment of the court. I feel compelled, however, to state my reasons for joining the holding that the failure of the trial judge to charge on a lesser crime included in the crime alleged in the indictment or accusation, without written request by the state or the accused, is not error.

In the majority of criminal trials the defendant takes the position that he is not guilty of the crime alleged or any other crime for which he could be convicted. A defendant rarely contends at trial that he is not guilty of the crime alleged, but might be guilty of a lesser included offense. As a matter of tactics, the defendant defends at trial on the basis that the jury should find him not guilty

and set him free.[1]

After the jury finds the defendant guilty of the crime alleged in the indictment and sentence is imposed thereon, the strategy of the defense is to obtain a new trial on any reversible error, including failure of the trial judge to charge a lesser included offense which the defendant would not have requested at the original trial.[2] This change in defense strategy is particularly noticeable in cases where appellate defense counsel is not the same attorney who tried the case. New appellate counsel reviews the transcript of the trial and sees that the defendant might have received a lighter sentence if he had been found guilty of a lesser crime which was not given in charge. Appellate counsel therefore seeks a new trial on the ground that the trial judge did not charge, without request, a lesser included offense, notwithstanding the fact that the defendant took the position at the original trial that he was not guilty of any offense for which he could be convicted and should be set free.

Under the prior rule (that the trial judge was required to charge, without request, the law applicable to lesser included offenses, where the evidence would have authorized conviction on a lesser offense), the defendant was permitted to defend his first trial as stated above, and get a new trial because the trial judge failed to charge, without request, the lesser included offense. That is to say, a defendant accused of an offense, as to which there was a lesser included offense as shown by the evidence, was virtually assured of a second trial if he could avoid referring to the lesser offense at his first trial and if the trial judge only charged the jury according to the defendant's announced theory of defense.

Today's decision will assist trial judges by placing the duty upon counsel for the defendant and for the state to request that the jury be charged as to applicable lesser included offenses where instruction as to such offenses is

---

[1]In this connection, see *Brown v. State,* 235 Ga. 806 (2); *Edwards v. State,* 235 Ga. 603 (3).

[2]See *Brown v. State,* supra; *Edwards v. State,* supra.

desired by either party.

It is for the foregoing reasons that I concur in the opinion and judgment of the court.