## 31922. RADFORD v. THE STATE.

INGRAM, Justice.

We granted certiorari in this case to consider whether *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), was correctly applied in *Radford v. State,* 140 Ga. App. 451 (231 SE2d 365) (1976).

This is the background of the case: Billy Radford was convicted of aggravated assault in Richmond Superior Court. At trial, Radford's counsel made an oral request that the judge's charge to the jury include instructions on

the lesser included offense of simple assault. The trial court refused the request. On appeal, the Court of Appeals ruled that it was not error to refuse the request because it was not in writing as required by *Stonaker*. On motion for rehearing, appellant argued that *Stonaker* should not be applied because that case was not finally decided until after his trial. Appellant's motion for rehearing was denied by the Court of Appeals and we granted his pro se application for certiorari.

The case presents this question: for purposes of prospective application of a decision of this court, which is the date of decision, the date the case was actually decided or the date a motion for rehearing was denied by the court?

In *Stonaker,* we held that a trial judge is required to charge on a lesser included offense only if the charge is warranted by the evidence and the request to charge is in writing. Subsequently, we held that *Stonaker* is prospective only. See *Graham v. State,* 236 Ga. 378, 384 (223 SE2d 803) (1976); and, *Kessel v. State,* 236 Ga. 373, 374 (223 SE2d 811) (1976). *Stonaker* was decided on January 8, 1976, and rehearing was denied on January 27, 1976. Appellant was tried on January 21, 1976. So, appellant argues that *Stonaker* had not been finally decided at the time of his trial because a motion for rehearing was still pending before this court.

We agree with appellant. Although there seems to be no definitive case authority on point, it is our opinion that a decision of this court is not final during the term in which it was rendered until rehearing is denied or the remittitur is transmitted from this court. Generally, the remittitur is not transmitted until the motion for rehearing has been disposed of by the court. See Rules of the Supreme Court 33 (a) (Code Ann. § 24-4533 (Rev. 1976)) and 32 (Code Ann. § 24-4532). Our cases generally hold that a decision is amendable during the term of rendition and therefore not final until the remittitur is transmitted from this court. See *Ramsey v. State,* 212 Ga. 381, 384 (92 SE2d 866) (1956); *Byrd v. Clark,* 170 Ga. 912 (154 SE 881) (1930); *Seaboard A. L. R. v. Jones,* 119 Ga. 907 (9) (47 SE 320) (1904); *Cooper v. Portner Brewing Co.,* 113 Ga. 1-2 (38 SE 347) (1901); *Zorn v. Lamar,* 71 Ga. 85,

87 (1884).

The *Stonaker* remittitur was not transmitted from this court until after the motion for rehearing was denied. Thus, the earliest date on which the *Stonaker* decision could be applied to other cases would be January 27, 1976, the date on which rehearing was denied by this court. Consequently, as appellant was tried on January 21, 1976, *Stonaker* cannot be applied in his case. The case will be remanded to the Court of Appeals for that court to consider whether the evidence at trial required a charge on simple assault.

It may be asked why the date of denial of the rehearing is used as the date of this court's decision for prospective application as opposed to the date the remittitur is transmitted. The answer is that the date of remittitur transmittal cannot be determined by reading the published decisions of the court. Therefore, for purposes of prospective application of a decision of this court, the date rehearing is denied (or the time for filing a rehearing motion expires if none is filed) shall be regarded as the effective date of the decision.

*Judgment reversed and remanded. All the Justices concur.*

SUBMITTED FEBRUARY 25, 1977 — DECIDED MARCH 10, 1977.

Billy Radford, *pro se.*

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.