### 32437. JORDAN v. THE STATE.

HILL, Justice.

The defendant was convicted by jury on March 12, 1975, of armed robbery and was sentenced to serve fifteen years with five years on probation.[1] The evidence indicated that a slim man with braided hair, goatee and mustache, wearing a cap and white coat and armed with a pistol, robbed the driver of a bread delivery truck and fled on foot. Within minutes, a nearby policeman who had received the robbery report saw a man who fitted the robber's description. Upon seeing the policeman, the man fled behind a house. The policeman gave chase but lost sight of the suspect. A few moments later the policeman saw the defendant, whom he believed to be the suspect, emerge without the cap and coat from a wooded area. The defendant was apprehended and placed in a police car. When the driver of the bread truck arrived at the scene he looked into the police car and said, "That's the guy."

---

[1] The record is silent as to the reason for the two-year time lapse between conviction and the overruling of the unamended motion for new trial. The trial transcript was filed within about six months of trial.

The defendant called two witnesses who testified that they knew the defendant and he had been with them that day. On cross examination, one of these witnesses admitted that at about the time of the robbery the defendant left the house on which he was working. The second defense witness contradicted the first on this and other matters. One of these witnesses also testified that there were several adults at the house (who could have testified as to the defendant's whereabouts).

1. At trial the driver identified the defendant as the robber. The defendant contends this testimony should have been excluded because the on-the-scene identification in the police car was extremely suggestive and conducive to misidentification. The victim's identification testimony was admissible. *Hobbs v. State,* 235 Ga. 8 (218 SE2d 769) (1975); Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). There was sufficient evidence to support the verdict of the jury. *Ridley v. State,* 236 Ga. 147 (1) (223 SE2d 131) (1976); *Ingram v. State,* 204 Ga. 164 (48 SE2d 891) (1948); *Reid v. State,* 235 Ga. 378 (2) (219 SE2d 740) (1975).

2. Defendant contends that the trial court committed reversible error by not instructing the jury, without request, that robbery by force is a lesser included offense of armed robbery. See Code §§ 26-1901, 26-1902. The uncontradicted evidence showed completion of the greater offense, an armed robbery, so that the charge on the lesser offense was not required. *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179) (1973); *Lawrence v. State,* 235 Ga. 216 (3) (219 SE2d 101) (1975). See also *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976); *Radford v. State,* 238 Ga. 532 (233 SE2d 785) (1977). The trial court did not err as alleged.

3. The defendant claims that the prosecutor commented on his failure to testify by saying to the jury in closing argument that the two defense witnesses were unworthy of belief and ". . . there is no other evidence before you that he didn't pull the robbery." He contends that this comment violated Code Ann. § 38-415 and infringed the Fifth Amendment prohibition upon his being compelled to be a witness against himself. This statutory provision is governed by the same standards as

its constitutional counterpart. *Carter v. State,* 238 Ga. 446 (233 SE2d 201) (1977). The prosecutor's statement about the evidence before the jury was not clearly a comment on the defendant's decision not to testify. See *Mitchell v. State,* 226 Ga. 450, 455 (175 SE2d 545) (1970). We do not find that the comment in this case amounted to such compulsion as is envisioned by the Fifth Amendment prohibition. Upon inquiry by the trial judge, the defendant chose not to move for instructions that the jury should disregard the prosecutor's comment. The trial court did not err in denying defendant's motion for mistrial.

There being no reversible error, the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 17, 1977 — DECIDED SEPTEMBER 7, 1977.

*Stephen M. Friedberg,* for appellant.

*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellee.