## 56030. LOURY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for burglary. *Held:*

1. At the close of the state's evidence the defendant moved for directed verdict of acquittal on the charge of burglary because the state had failed to show that the entry had been made with the requisite intent to commit a (felony or) theft. Criminal Code of Georgia § 26-1601 (Ga. L. 1968, pp. 1249, 1287; 1977, p. 895). The trial judge overruled the defendant's motion, after which the state was permitted to reopen the case and introduced evidence tending to show that valuable goods were on the premises, a school building.

The state argues that where it is shown that valuable effects were in the building the question of the necessary intent is for the jury. *Thompson v. State,* 76 Ga. App. 239 (3) (45 SE2d 675); *Sellers v. State,* 81 Ga. App. 212 (1) (58 SE2d 262); *Bowen v. State,* 128 Ga. App. 577 (1) (197 SE2d 738); *Woodward v. State,* 54 Ga. 106; *Steadman v. State,* 81 Ga. 736 (2) (8 SE 420).

The defendant urges that his motion for a directed verdict should have been granted since prior to the motion

no evidence had been introduced with regard to articles of value being on the premises.

Were this a case of first impression the author of this opinion would have no hesitancy in holding that fundamental judicial fairness, as well as the concept of double jeopardy, would require that the motion be tested by the sufficiency of the evidence introduced prior to the time it was made. However, the Supreme Court has precluded our determination of this matter. In *Bethay v. State,* 235 Ga. 371, 374 (1) (219 SE2d 743), the court held that "on appeal of the overruling of a motion for directed verdict of acquittal made at the close of the state's case in chief, the reviewing court can consider all the evidence in the case in determining whether the trial court erred in overruling the motion." Thus, even if the trial judge erroneously failed to direct a verdict at the conclusion of the state's evidence, if thereafter the missing evidence is supplied so as to make out a case for the state any error in overruling the motion would be harmless.

We are constrained to adopt this view and find there was evidence that valuable effects were on the premises so that the jury was authorized to find an intent to steal.

2. We now consider whether the trial court's refusal to give the defendant's written request to charge on the law of criminal trespass constituted reversible error.

Since the defendant's request to charge is a correct statement of law, adjusted to the facts of the case, and the jury would have been authorized by the evidence to convict the defendant of criminal trespass, it was error not to give the requested charge. *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518). See Code Ann. § 26-1503 (Criminal Code of Georgia § 26-1503; Ga. L. 1968, pp. 1249, 1285; 1969, pp. 857, 859).

*Judgment reversed. Webb and McMurray, JJ., concur.*

SUBMITTED JUNE 8, 1978 — DECIDED SEPTEMBER 11, 1978.

*William F. Braziel, Jr.,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M.*

*Hitch, III, Frederick Kramer, Assistant District Attorneys,* for appellee.