## 57493. TUGGLE v. THE STATE.

BIRDSONG, Judge.

Bobby Tuggle was indicted for and convicted of burglary and sentenced to serve twenty years. He brings this appeal enumerating 13 errors. *Held:*

1. Tuggle contends that there was insufficient independent and corroborating evidence to sustain the conviction based upon the testimony of an accomplice. We find ample evidence to support both the conviction and to corroborate the accomplice. *Birt v. State,* 236 Ga. 815, 826 (225 SE2d 248); *Felix v. State,* 143 Ga. App. 376 (238 SE2d 734).

2. Enumerations of error 2, 3, and 4 contend that the trial court erred in allowing hearsay evidence. We find that the evidence was admitted to establish probable cause for a search and seizure of the burgled property or to explain conduct. Hearsay is admissible to establish probable cause and as original evidence to explain conduct. *English v. State,* 234 Ga. 602 (216 SE2d 851); *Cunningham v. State,* 133 Ga. App. 305 (211 SE2d 150); *Meneghan v. State,* 132 Ga. App. 380 (208 SE2d 150). We find no merit in these enumerations.

3. Tuggle argues in Enumerations 5 and 6 that the affidavit in support of the search warrant was insufficient and that the affiant supplied false information that certain items of stolen property would be found when in fact such property was not at the location. To the contrary, we find that the affidavit plus oral testimony to which the affiant testified he supplied the magistrate was more than sufficient to establish probable cause. *State v. Babb,* 134 Ga. App. 302 (1) (214 SE2d 397). Further, we find no harmful error in including in the affidavit a listing of property taken in the burglary when some of the stolen property was definitely established as being present on the premises to be searched. The fact that all of the stolen property or even that all the property listed was not found

does not invalidate the warrant nor make it defective. It is not unreasonable to assume that if some of the stolen property has been located that all the property may well be at that location. See *Parrish v. Hopper,* 238 Ga. 468 (1) (233 SE2d 161). These enumerations are without merit.

4. In Enumerations 7, 8, and 9, Tuggle urges that it was error to allow evidence of the identification of the stolen property because the identification was based upon a hearsay predicate. We reject this argument. The evidence showed that the items were identified by serial number, type of equipment or other distinguishing marks. This information came from the owner of the property and records concerning the property. The evidence was competent and admissible. These enumerations are without merit.

5. Enumeration no. 10 complains that the appellant's character was improperly placed into evidence by testimony that at the time the search occurred, appellant was not present because he had been arrested. The denial of his motion for mistrial constitutes the basis for the enumeration. We find no error. This very same evidence had been shown by other witnesses without objection. *Glass v. State,* 235 Ga. 17 (218 SE2d 776); *Robinson v. State,* 229 Ga. 14 (189 SE2d 53). The evidence also clearly related to his arrest for the offense for which he was on trial, a crime obviously charged and apparent to the jury. There is no merit in this enumeration.

6. Enumerations of error 11 and 12 complain of a failure to charge upon the lesser offense of criminal trespass and the "equal access rule." We find no error in these failures to charge. The evidence did not reasonably raise either issue. The evidence showed that the property and Tuggle showed up at his mother-in-law's house at the same time. Appellant admitted to the occupants of the house a connection with the property. It was recovered from the room occupied by him and his accomplice. The equal access rule has no application under such a state of facts. There being no issue raised, it was not error to fail so to charge. *Hill v. State,* 229 Ga. 307 (191 SE2d 58). Inasmuch as appellant defended upon the theory that he was not a party to the crime of burglary charged and was

not present, he hardly could raise the lesser included offense of criminal trespass. He cannot legitimately raise an issue by making a claim that he was not there, but he was present with a less serious intent or state of mind. See *Lundy v. State,* 139 Ga. App. 536, 540 (228 SE2d 717). These enumerations lack merit.

7. In his last enumeration of error, appellant urges that the trial court erred in denying his motion for a directed verdict of not guilty following the state's evidence. We find ample evidence to support the conviction and find as a matter of law that the evidence did not demand a verdict of not guilty following the state's evidence. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495). Accordingly, it was not error to deny the motion for directed verdict.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Submitted March 13, 1979 — Decided April 24, 1979 — Rehearing denied May 8, 1979.

*Twitty & Twitty, Jack G. Slover, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Dwight May, Alden W. Snead, Assistant District Attorneys,* for appellee.