## 35140, 35141. STRICKLAND et al. v. NEWTON COUNTY et al. (two cases).
## 35142. CITY OF PORTERDALE v. NEWTON COUNTY et al.
## 35143. CITY OF HARTWELL v. NEWTON COUNTY et al.
## 35144. CITY OF COVINGTON et al. v. NEWTON COUNTY et al.
## 35145. CITY OF VALDOSTA et al. v. NEWTON COUNTY et al.
## 35159. NEWTON COUNTY et al. v. STRICKLAND et al.
## 35160. CITY OF DALTON v. NEWTON COUNTY et al.
## 35161. CITY OF ROYSTON v. NEWTON COUNTY et al.

UNDERCOFLER, Presiding Justice.

This is the third in a series of cases involving the local option sales tax, Ga. L. 1975, p. 984 et seq. (Code Ann. §

92-3447a.1). *Martin v. Ellis,* 242 Ga. 340 (249 SE2d 23) (1978); *City Council of Augusta v. Mangelly,* 243 Ga. 358 (254 SE2d 315) (1979). In *Mangelly,* we held that this tax was a county levy and that the cities were not entitled to any of the funds generated by the tax. We also held that the entire Act was unconstitutional. The questions here involve the disbursement of funds collected by the Revenue Commissioner under the Act, but not yet distributed, when the Act was held unconstitutional in *Mangelly.* The trial court ordered the commissioner to pay the money to the counties. He and the cities appeal. The counties, in Case No. 35159, seek a judgment against the cities for the taxes disbursed to them under this court's supersedeas of the trial court's temporary injunctions.

1. We hold that the *Mangelly* decision is prospective from March 31, 1979, at 12:00 midnight, when the order of this court was made the judgment of the trial court. The general rule is that an unconstitutional statute is wholly void and of no force and effect from the date it was enacted. This harsh rule is subject to exceptions, however, where, because of the nature of the statute and its previous application, unjust results would accrue to those who justifiably relied on it. *Allan v. Allan,* 236 Ga. 199 (223 SE2d 445) (1976); Chicot County Drainage Dist. v. Baxter State Bank, 308 U. S. 371 (1940). Under these considerations, when a court decides that one of its rulings shall operate prospectively, it is subject to no set principles, but may choose any relevant date in the interest of justice. See Linkletter v. Walker, 381 U. S. 618 (1965). Compare *Radford v. State,* 238 Ga. 532 (233 SE2d 785) (1977) (making *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), prospective from the date the motion for rehearing was denied). We here choose the date the superior court entered its final judgment because of the administrative difficulties in identifying and refunding the taxes collected in the three day period between the date the rehearing was denied and the date the final judgment was entered.

2. We hold, however, that the plaintiff counties in these suits are entitled to the fruits of the holding that this Act is unconstitutional. *Agricultural Commodities*

*Authority v. Balkcom*, 215 Ga. 107 (109 SE2d 276) (1959). The relief they prayed for was to enjoin the disbursement of any funds being held by the State Revenue Commissioner to the cities. Under the *Mangelly* decision, the trial court entered its final order granting such a permanent injunction[1] on March 31, 1979, at 12:00 midnight. The litigant counties are thus entitled to disbursement of all funds in the hands of the State Revenue Commissioner on that date, and are not entitled to judgment against the cities on their cross appeal.

3. We hold that there is no provision in the local option sales tax Act for payment of interest to the local governments on the funds collected by the Revenue Commissioner. On the contrary, the Act expressly directs payment only of the tax collected. Accordingly, the litigant counties are not entitled to any interest that may have been earned on money not disbursed at regular intervals pending the conclusion of this litigation.

4. We hold that, because we have ruled that *Mangelly* will apply only prospectively, the question whether the commissioner should be allowed to hold the money on hand for refunds is moot. Refunds other than those resulting from the unconstitutionality of the Act may, however, be necessary. Since this is a county tax, claims for refunds, if any, should be made to the county. Code Ann. § 92-3901a.

*Judgment in main appeals affirmed in part; reversed in part. All the Justices concur, except Hall, J., who dissents to Division 2, Hill, J., who dissents to Divisions 2 and 4, and Marshall, J., who concurs in the judgment only. Judgment in cross appeal, Case No. 35159, affirmed. All the Justices concur.*

ARGUED JUNE 13, 1979 — DECIDED JUNE 26, 1979 — REHEARINGS DENIED JULY 17, 1979.

*Arthur K. Bolton, Attorney General, James C. Pratt,*

---

[1]The earlier orders on appeal in *Mangelly* were temporary injunctions, superseded by order of this court.

*Assistant Attorney General,* for appellants (Case Nos. 35140, 35141).

*Powell, Goldstein, Frazer & Murphy, Nickolas P. Chilivis, Randolph A. Rogers,* for appellees.

*Ronald C. Harrison,* for appellant (Case No. 35142).

*Johnson, Craig & Strauss, William Thomas Craig, Nickolas P. Chilivis, Randolph A. Rogers, Robert E. Ridgeway, Jr., Oris D. Blackburn, Jr.,* for appellees (Case Nos. 35142, 35143, 35145).

*Joseph S. Skelton, Walter E. Leggett, Jr.,* for appellant (Case No. 35143).

*Campbell & Bouchillon, Jerry D. Bouchillon, W. K. Campbell, Ballard, Ozburn & Stephenson, Samuel D. Ozburn,* for appellants (Case No. 35144).

*Arthur K. Bolton, Attorney General, James C. Pratt, Assistant Attorney General, William Thomas Craig,* for appellees.

*Tillman, Buice, McTier, Coleman & Talley, George T. Talley, C. George Newbern,* for appellants (Case No. 35145).

*Nickolas P. Chilivis, Randolph A. Rogers,* for appellants (Case No. 35159).

*Arthur K. Bolton, Attorney General, H. Perry Michael, Senior Assistant Attorney General, James C. Pratt, Assistant Attorney General, Fred H. Walker,* for appellees.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Erwin Mitchell, J. Raymond Bates, Jr.,* for appellant (Case No. 35160).

*Jerry N. Neal,* for appellant (Case No. 35161).

*Nickolas P. Chilivis, Randolph A. Rogers, Charles D. Strickland, Daniel T. Strain, Jr.,* for appellees (Case Nos. 35160, 35161).

HALL, Justice, dissenting.

I concur with the holding that the *Mangelly* decision will be prospective from March 31, 1979, at 12:00 midnight, when the order of this court was made the judgment of the trial court. This is the only just and equitable way to treat all the parties in the dispute. However, I cannot agree with Division 2 of the majority opinion which leaves the premise in Division 1 and makes

the *Mangelly* decision retroactive to December 1, 1979.

The entire Act has been held unconstitutional. Illegal taxes have been collected under the unconstitutional Act for the benefit of the cities and the counties. In reality these illegal funds do not belong to either the cities or the counties, i.e., they belong to the taxpayers. By making the decision prospective (Division 1) we have thwarted any procedure for the illegal funds to be returned to the taxpayers. It therefore follows that the cities and the counties should be fed with the same spoon from the unconstitutional pot. Compare, the Legendary Highwaymen's case that Lord Kenyon refers to as an ancient suit in equity by a plaintiff against a defendant for an accounting of the profits of a partnership. The evidence showed that the trade was taking the purses of those who traveled over the heath. The trial judge denied the accounting and hanged both parties. 9 L.Q.R. 105 (1893).

HILL, Justice, dissenting.

In *Mangelly,* supra, the majority held that the local option sales tax Act was unconstitutional, i.e., neither the counties nor cities are entitled to receive those funds. However, the majority now say the counties are entitled to receive the undistributed funds.

If neither counties nor cities are entitled to the funds, neither should get them. Since the funds nevertheless are to be distributed, both should get them rather than either one or the other.