## 59121. GIBSON v. THE STATE.

QUILLIAN, Presiding Judge.

On appeal it is contended that defendant's conviction for burglary was not authorized by the evidence in that an essential element of the indictment, and of the offense, that he entered with intent to commit a theft was not established.

There was proof offered that the owner of the house, which was allegedly burglarized, heard someone push the latch on the door off; saw and recognized the defendant standing at the middle door to the bedroom; asked the defendant what he was doing, whereupon the defendant "jumped and run." There was slight evidence of items of some undetermined value being in the household.

The defendant's conviction for burglary was authorized by the evidence. *Ealey v. State,* 139 Ga. App. 604, 607 (229 SE2d 86). See *Parrish v. State,* 141 Ga. App.

631 (1) (234 SE2d 174); *Loury v. State,* 147 Ga. App. 152 (1) (248 SE2d 291) and cases therein cited.

We therefore hold that a rational trier of fact could reasonably have found the defendant committed the offense as charged.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED JANUARY 7, 1980 — DECIDED JANUARY 28, 1980.

*David L. Stephens,* for appellant.

*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.