## 59486. MARABLE v. THE STATE.

DEEN, Chief Judge.

1. "[C]harges which place any burden of persuasion upon the defendant in criminal cases shall not be given and such charges will be deemed erroneous and subject to reversal, absent harmless error and invited error." *State v. Moore,* 237 Ga. 269, 270 (227 SE2d 241) (1976). The defendant submitted a request to charge, a part of which consisted of definitions which are not essential to the jury's understanding, plus the statement: "Once an issue of an affirmative defense is raised, the burden of proof rests upon the State as to such issue as it does with respect to all other issues in that case and that burden of proof is that the State must disprove the affirmative defense beyond a reasonable doubt." The court did charge as follows: "The defendant enters upon the trial of this case with a presumption of innocence in his favor and this presumption remains with him throughout the trial unless and until it is overcome by the State with evidence which is sufficient to convince you beyond a reasonable doubt of the guilt of the accused. And our law says that no person shall be convicted of any crime unless and until each element of the crime is proved to the satisfaction of the jury beyond a reasonable doubt . . . The burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime beyond a reasonable doubt . . . Now, in this case the defendant has interposed his defense of self defense . . ." following which the court discussed what constitutes self-defense and when and to what extent it is legally efficacious.

The appellant contends that the failure to give the language of the request on applying the burden of proof to the state to disprove an affirmative defense was error. However, in the first place, the error as pointed out in *Moore* and similar cases is erroneous burden shifting: placing the onus on the defendant to sustain the burden of proving the defense and thus making an exception to the primary rule that in criminal cases the burden does not shift. Close examination of the charge satisfies us that the jury could not have so misunderstood the instructions as given. Further, where the general charge substantially covers the principles of law raised by the request it is not error to fail to use the exact language requested. *Burnett v. State,* 240 Ga. 681 (7) (242 SE2d 79) (1978). We find no reversible error in failing to use the exact language requested.

2. Aggravated assault is an assault (a) with intent to commit certain crimes, or (b) with a deadly weapon. Code § 26-1302. Accordingly, where the defendant admitted drawing a pistol and shooting and wounding the victim, the evidence, if it showed an assault at all (that is, if it was insufficient to establish justification) showed an aggravated rather than a simple assault. The court properly refused to charge simple assault as a lesser included offense. In the same manner, simple battery may be committed by intentionally causing physical harm to another. When the evidence shows without contradiction that if the defendant intentionally caused physical harm to the victim (by wounding him with a pistol) the act constituted aggravated assault, simple battery is not involved as a lesser included offense. Where the uncontradicted evidence shows completion of the greater offense, the charge on the lesser offense is not required. *Jordan v. State,* 239 Ga. 526 (2) (238 SE2d 69) (1977). The choices which the jury had here where all the evidence established that the defendant drew a pistol, shot at, and wounded the victim, were that he committed an aggravated assault, or that he shot in self-defense. The failure to charge on lesser offenses as requested was accordingly not error.

3. It was not error to instruct the jury that a crime is a violation of statute by a person of sound mind, that every person is presumed to be of sound mind but this may be rebutted, and that the acts of such a person are presumed to be the product of his will, which presumption may likewise be rebutted.

A presumption which, although not conclusive, has the effect of shifting the burden of persuasion to the defendant, is erroneous for the reasons stated in *State v. Moore,* 237 Ga. 269, supra. In Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979) the defendant was charged with "purposely or knowingly"

committing the homicide; defendant's counsel contended that while he admitted the killing it was not knowing or purposeful, and the court charged that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The Supreme Court reversed because it "is clear that a reasonable juror could easily have viewed such an instruction as mandatory," or that, if the presumption be viewed as permissive, then the instruction required the jury "to find intent *unless* the defendant offered evidence to the contrary." The fault found by the Supreme Court boils down to two possible interpretations which the jury might have put on the language: either that the presumption was conclusive or that they were instructed to find intent upon proof of a violational action. Obviously neither objection applies in the present case, where the court twice stated in the same sentence that the presumption was rebuttable. Further, intent to pull the trigger of the gun was not involved here as it was in Sandstrom, the question at issue being only whether it was necessary to do so in self-defense. We approve and adopt the language of Sandstrom, but find it sufficiently different from that involved here to require a different result. It is exactly true, as charged, that all crimes are jointures of act and intent and that in the absence of evidence negativing an intent to do the act it may be presumed. Such an instruction, where it is made clear that it is rebuttable, does not rise to the constitutional dimensions of Sandstrom, which holds that the presumption, if taken to be conclusive, conflicts with the overriding presumption of innocence with which the law endows every accused.

4. The remaining error alleged is that the court denied a motion for continuance made at the commencement of the trial, apparently on the dual ground that the defendant had recently changed counsel and that he had been subjected to voluminous pretrial publicity because of his trial on another charge. While both sides admit that the motion was overruled we have no indication in the record that evidence was offered or even that the motion was ruled on. Assuming that it was denied, in the absence of anything in the record to the contrary we must also assume that the judge did not abuse his discretion in the matter. *Huckaby v. State,* 127 Ga. App. 439 (194 SE2d 119) (1972); *Horton v. State,* 132 Ga. App. 407, 411 (208 SE2d 186) (1974).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED FEBRUARY 7, 1980 — DECIDED MARCH 21, 1980 —

*Harry J. Altman, II,* for appellant.
*H. Lamar Cole, District Attorney, Richard Shelton, Assistant District Attorney,* for appellee.