## 61153. HAMPTON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of armed robbery and kidnapping.

1. Appellant's first two enumerations of error relate to the trial court's dismissal of appellant's challenge to the array of petit jurors, and denial of his request to question certain court officials about the procedure of excusing petit jurors from service in his case.

Code Ann. § 59-112 (b) provides, in pertinent part: "Any other person . . . may be excused by the judge of the court to which he has been summoned or by some other person who has been duly appointed by order of the chief judge to excuse jurors. Such a person may exercise such authority only after the establishment by court order of guidelines governing such excuses . . ."

Appellant contends that this section was violated because jurors were excused by someone in the court administrator or clerk's office without any guidelines, as required, and without authority from the chief judge. Appellant requested an opportunity to call the court administrator as a witness on this issue. The trial court denied this request and dismissed appellant's challenge to the array as he had not shown harm (to appellant).

In *Franklin v. State,* 245 Ga. 141, 146 (263 SE2d 666) (1980), our

Supreme Court discussed § 59-112 and stated: " 'It is . . . said that statutes regulating the selection, drawing, and summoning of jurors are intended to distribute jury duties among the citizens of the county, provide for rotation in jury service, and are merely directory. This is undoubtedly true. See *Rafe v. State,* 20 Ga. 60. Obviously, however, a disregard of the essential and substantial provisions of the statute will have the effect of vitiating the array. In the *Rafe* case, supra, it was ruled that such statutes, that is, statutes regulating the selection, drawing, and summoning of jurors, "are no part of a regulation to secure to parties impartial juries." ' " " 'A party to a lawsuit has no vested interest in having any particular juror to serve; he is entitled only to a legal and impartial jury.' *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 161 (141 SE2d 189) (1965)." Id., at 147. Applying these rules to the instant case, we find no disregard of the essential and substantial provisions of the statute (§ 59-112 (b)) sufficient to vitiate the array. Hence, nothing would be gained by calling the court administrator as a witness, and it was not error to deny appellant the right to do so.

2. Appellant contends that the court erred by allowing the district attorney to administer the "first oath" (prior to voir dire) to the jurors, because Code Ann. § 59-704.1 requires that the oath be administered by the trial judge. However, this requirement did not become effective until July 1, 1979 and appellant was tried in May, 1979. Therefore, such a requirement did not exist at the time of appellant's trial, and any administration of an oath would be harmless surplusage.

3. Appellant next contends it was error to overrule his objection to the district attorney's use of the word "robber" while questioning a state witness. We have held that the trial court is vested with a sound discretion in ruling on objections of this or a similar nature, and its ruling will not require a new trial unless the court clearly abused its discretion. *Bruce v. State,* 142 Ga. App. 211, 214-215 (6) (235 SE2d 606) (1977). The witness had testified that he had been robbed at gunpoint, and referring to the person committing the robbery as a "robber" is not error. Thus, we find no abuse of discretion in overruling appellant's objection to use of that term.

4. Appellant contends the trial court erred in admitting his written confession, because a proper foundation was not laid, and because certain words unintelligible on the taped confession were not transcribed. A hearing was held outside the presence of the jury to determine if the statement was made freely and voluntarily; the trial court determined it was so made, after appellant had been advised properly of his rights. Appellant's only objection at this hearing was to having the statement read to the jury. When the statement was

subsequently offered in evidence in open court, appellant stated he had no objection; thus, there was an affirmative and specific waiver by the defense at trial. *Abrams v. State,* 144 Ga. App. 874 (242 SE2d 756) (1978). See also *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332) (1981).

5. Appellant submitted several written requests to charge on lesser included offenses, robbery by intimidation and theft by taking. The evidence disclosed that appellant entered a Quik-Thrift Food Store, brandished a pistol and told the sole employee to open the register or appellant would blow him wide open. This evidence clearly establishes the offense of armed robbery, and a charge on any lesser offense was not required. *Lawrence v. State,* 235 Ga. 216, 219 (3) (219 SE2d 101) (1975).

6. In his closing argument the prosecutor stated that the testimony of state witnesses was unrefuted; appellant moved for a mistrial on the ground that this was a comment on appellant's failure to testify. The court overruled the motion, and appellant contends this was error. However, this contention has been decided adversely to appellant. *Allanson v. State,* 144 Ga. App. 450, 455 (4) (241 SE2d 314) (1978); *Holmes v. State,* 148 Ga. App. 817 (2) (253 SE2d 237) (1979).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED APRIL 21, 1981.

*William P. Holley, Jr.,* for appellant.
*Thomas Charron, District Attorney, Mary E. Staley, Assistant District Attorney,* for appellee.