62437, 62438. LEMON v. THE STATE; and vice versa.

QUILLIAN, Chief Judge.
Arthur J. Lemon appeals from his conviction of two counts of "peeping tom."

*Case No. 62437*
1. The trial court did not err in admitting evidence of prior acts of the defendant which amounted to the offense of "peeping tom." " '[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First,' there must be evidence that the defendant was in fact the perpetrator . . . Second, there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *French v, State,* 237 Ga. 620, 621 (229 SE2d 410) (1976). Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]' *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977)." *State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321); see also *Hicks v. State,* 232 Ga. 393, 396-397 (207 SE2d 30). The prior "peeping tom" incidents were admissible.

2. Defendant alleges it was error for the trial court to permit the state to reopen its case following the denial of defendant's motion for a directed verdict. It is within the discretionary power of the court to permit additional evidence to be offered after both sides have closed. *Britten v. State,* 221 Ga. 97, 101 (143 SE2d 176). This discretion extends to permission of the state to reopen after denial of a motion by the defendant for a directed verdict. *Loury v. State,* 147 Ga. App. 152 (248 SE2d 291); *Robinson v. State,* 154 Ga. App. 591, 592 (269 SE2d 86).

3. The defendant contends the trial court erred in refusing to charge on the lesser included offense of criminal trespass. "Where the uncontradicted evidence shows completion of the greater offense, the charge on the lesser offense is not required. *Jordan v. State,* 239 Ga. 526 (2) (238 SE2d 69)." *Marable v. State,* 154 Ga. App. 115 (2) (267 SE2d 837). The evidence of record showed the defendant committed three consecutive acts in violation of the "peeping tom" statute. Mr.

Little testified to seeing an individual outside his window and of confronting him and seeing him emerge from behind the bushes adjacent to his house. His identification of the defendant is positive. Thereafter, he followed the defendant in his automobile and observed him peer into the lighted windows of another house. After Mr. Little sounded the horn of his automobile to alert those persons the defendant moved to the house of Mr. Bates where he was observed by Mr. Little and Mr. Bates to peer through those lighted windows. The defendant presented no evidence. Our Supreme Court has held, "[t]here was no error in failing to charge on robbery by intimidation (Code Ann. § 26-1901) as a lesser included offense of armed robbery, when all the credible evidence showed completion of the greater offense." (Emphasis supplied.) Lawrence v. State, 235 Ga. 216, 219 (3) (219 SE2d 101). Accord: Daniel v. State, 150 Ga. App. 798, 801 (3) (258 SE2d 604); Hampton v. State, 158 Ga. App. 324, 326 (5) (280 SE2d 158).

In addition, the Supreme Court has set forth the criteria that "a trial judge is required to charge on a lesser included offense only if the charge is warranted by the evidence and the request to charge is in writing." Radford v. State, 238 Ga. 532, 533 (233 SE2d 785). Accord: State v. Stonaker, 236 Ga. 1 (3) (222 SE2d 354). In this case, the only evidence showed completion of the offense of "peeping tom," i.e., "to go about or upon the premises of another for the purpose of becoming a 'peeping tom' . . . one who peeps through windows . . . or other like places, on or about the premises of another . . ." Code Ann. § 26-3002 (CCG § 26-3002; Ga. L. 1968, pp. 1249, 1328). If criminal trespass is a lesser included offense of "peeping tom," it could have been committed by the defendant only by violation of Code Ann. § 26-1503 (b) (1): "A person commits criminal trespass when he knowingly and without authority: (1) Enters upon the land or premises of another person, or into any part of any vehicle, railroad car, aircraft, or watercraft of another person, for an unlawful purpose . . ." There was no evidence of any attempt to enter any house or to take any item of property. Thus, the only unlawful purpose reasonably supported by the evidence was peering through windows, and if the evidence shows an unauthorized entry on the property of Little and Bates, and peering through the windows, the criminal offense of "peeping tom" is shown. The lesser offense not being supported by any evidence it was not error to refuse to charge it. See Smith v. State, 228 Ga. 293, 294 (1) (185 SE2d 381); Holcomb v. State, 230 Ga. 525 (198 SE2d 179); Deese v. State, 137 Ga. App. 476, 477 (3) (224 SE2d 124); Tuggle v. State, 149 Ga. App. 844, 845 (6) (256 SE2d 104); Dennis v. State, 158 Ga. App. 142, 144 (6) (279 SE2d 275).

We have found no merit in defendant's allegations of error.

*Case No. 62438*

The State appeals from an order of the trial court modifying the defendant's sentence. This is not one of the grounds enumerated in Code Ann. § 6-1001a (Ga. L. 1973, pp. 297, 298) from which the State can appeal.

*Judgment affirmed in 62437; appeal dismissed in 62438. McMurray, P. J., Shulman, P. J., Banke, Birdsong, Carley, Sognier and Pope, JJ., concur. Deen, P. J., dissents.*

DECIDED MARCH 17, 1982.

*Leonard N. Steinberg,* for appellant.
*Robert E. Keller, District Attorney, James W. Bradley,* Assistant District Attorney, for appellee.

DEEN, Presiding Judge, dissenting.

I must respectfully dissent as to Division 3 and the judgment of affirmance in Case No. 62437.

Ga. L. 1919, p. 386, former Code § 26-3001, made it a misdemeanor to be "an eavesdropper or Peeping Tom." Ga. L. 1968, p. 1249, et seq. organized a new chapter making "eavesdropping" and "Peeping Tom" different offenses, but both were misdemeanors classified as invasions of privacy. One can be a Peeping Tom by "peeping through windows or doors or other like places" or one who goes on the premises of another to spy or invade their privacy. This crime was by the Act of 1968 changed from a misdemeanor to a felony.

Criminal Trespass (Code § 26-1503), originated in the Act of 1968, p. 1249 (1933 Code § 26-3002), making it a misdemeanor to wilfully enter on the lands of another after being forbidden to do so. Ga. L. 1968, p. 1285, makes it a misdemeanor to enter on the land of another for an unlawful purpose.

Thus, the Criminal Code of 1968 did the following: (1) kept criminal trespass as a misdemeanor but added the words of entry "for an unlawful purpose," and (2) kept the criminal offense of Peeping Tom but Code § 26-3010 changed it from a misdemeanor to a felony. The former section Code 26-3002 redefined the offense as going on the premises of another "to spy or invade their privacy," but appears to set forth a type of greater crime *to be* a "Peeping Tom" (one who has completed peeping) and a lesser crime *of becoming* a "Peeping Tom" (one who goes upon property of another for the same purpose but not completing the act of peeping) both in the same section with the same punishment. Commission of either of these acts or crimes carries punishment as a felony. Yet completion of the acts comprising the latter lesser crime contains exactly the identical essential elements necessary to convict defendant under Code § 26-1503. The

evidence in this case indicates appellant was on the property of another without the latter's consent but for *what* unlawful purpose is a matter of intent. Punishment under Code § 26-1503 is for a misdemeanor. Where, as here, a timely request has been made to charge the offense of criminal trespass under Code § 26-1503 it was error to fail to also give this charge, otherwise, it had the effect of requiring felony punishment rather than giving the jury a choice of convicting appellant of only a misdemeanor.

This case appears to be controlled by *Loury v. State,* 147 Ga. App. 152 (248 SE2d 291) (1978), holding it *reversible error not to give a request for charge on criminal trespass* in a burglary case. In the cited case the trial judge, upon request, provided the jury a choice between burglary (felony) and criminal trespass (misdemeanor) as the matter of *intent* was a question for the jury. It is unquestioned that a TV set and other valuable effects were in the houses in the case sub judice. Evidence of one independent crime introduced to show intent revealed the appellant actually entered the home of the owner without consent: "There in my living room stood Arthur Lemon." This could have a bearing on intent as to the act of criminal trespass for the unlawful purpose of committing burglary punishable as a misdemeanor. If the greater crime of burglary demands, when requested, a charge on the lesser misdemeanor crime, surely, the same principle as to the greater Peeping Tom violation (felony) should receive the same application. It is reversible error to fail to give this lesser charge when requested so that the jurors may properly decide intent as between the greater and lesser crimes.