## 63177. SHIELDS v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted (along with two others) with two counts of aggravated sodomy as to one victim and another count of aggravated sodomy as to another. The defendant Shields was convicted of all three counts. The co-defendants were convicted as to Counts 1 and 2 but found not guilty as to Count 3. Defendant Shields was sentenced to a term of 10 years, 5 years to serve and the remaining 5 years to be served on probation as to each count and each sentence to be served consecutively to any other sentence defendant was serving at that time. Separate motions of the defendants for new trial, as amended, and motions for judgment notwithstanding the verdict on behalf of defendant Shields and co-defendant Hamby were filed.

One of the grounds of the amended motions for new trial is that a juror was allowed to serve who was within the 6th degree of consanguinity to one of the co-defendants and was therefore incompetent to serve. The motions, as amended, were heard and denied; the trial court holding in respect to this ground that the only evidence offered was that of the juror who could not impeach his verdict, citing *McCarty v. Mobley,* 14 Ga. App. 225 (1), 227 (80 SE 523).

Whereupon this defendant filed a motion for reconsideration by producing additional testimony in affidavit form that one of the jurors was related to a co-defendant within the prohibited degree of consanguinity or affinity as determined by Code § 59-716 (within the sixth degree). This motion for reconsideration appears not to have been considered as no ruling thereon is found in the record. The trial court clerk has certified that no ruling had been filed in the clerk's office. Defendant Shields appeals. *Held:*

1. This case is controlled adversely to the defendant by *Motes v. State,* 161 Ga. App. 173 (228 SE2d 256), as to the rulings made in that case with reference to the joint trial of these defendants (Motes, Hamby and Shields).

2. However, other enumerations of error are raised in this case which must be considered. The first of these is that the trial court erred in failing to give a written request to charge on the lesser offense of simple battery. The state's evidence is based upon testimony that the greater offense of aggravated sodomy occurred, and the defendants simply denied same. So it cannot be held that there was any evidence to require a jury instruction upon the lesser offense of simple battery which was not in issue. See *Jordan v. State,* 239 Ga. 526, 527 (2) (238 SE2d 69); *Daniel v. State,* 150 Ga. App. 798, 801 (3)

(258 SE2d 604).

3. The other enumeration of error requires no further consideration other than the citing of the case of *McCarty v. Mobley,* 14 Ga. App. 225 (1), 227, supra, cited by the trial court as there was no competent evidence produced to prove same.

True, defendant moved for reconsideration and offered competent evidence, but there has been no ruling thereon by the trial court.

However, we find that defendant's counsel states in his brief that he "had no knowledge of this relationship [the kinship of the juror within the 6th degree to the co-defendant Motes] until after the trial had started and a substantial portion of the state's case had been presented." A defendant cannot remain silent and take his chances on acquittal as knowledge "under these circumstances amounts to a waiver of the right to complain of the disqualification of the juror, and will not work a reversal of the case [citing *Lampkin v. State,* 87 Ga. 516 (7) (13 SE 523); *Williams v. State,* 206 Ga. 107 (2), 110 (55 SE2d 589)]." *Kennedy v. State,* 88 Ga. App. 749 (77 SE2d 778). For the foregoing reasons there is no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED MAY 19, 1982.

*H. Bradford Morris, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.