## 64397. DUPREE v. THE STATE.

DEEN, Presiding Judge.

Ricky Dupree brings this appeal from his conviction of unlawfully entering the automobile of another following the denial of his motion for a new trial.

1. The trial court did not err in admitting a screwdriver into evidence or the testimony concerning it. The officer testified that a screwdriver was found in the front seat under appellant when he was removed from the vehicle. The victim's son testified that he was driving his father's automobile on the evening of Dupree's arrest, that the officers gave it to him to see if it belonged to his father and that his father could not identify it. This testimony did not violate the hearsay rule because it is based on an observable fact and not upon a statement made by his father. Moreover, under Code § 38-302, the testimony was admissible to explain the young man's conduct in returning the screwdriver to the police.

2. Trial counsel did not render ineffective assistance because he did not request a charge on criminal trespass although the trial court asked if he wished such a charge. The defendant cannot deny his presence in the vehicle and also contend he was present with a less culpable state of mind. *Cohran v. State,* 157 Ga. App. 551 (278 SE2d 133) (1981); *Tuggle v. State,* 149 Ga. App. 844 (256 SE2d 104) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 7, 1982.

*James W. Howard,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys,* for appellee.