## 65164. SELLERS v. THE STATE.

BANKE, Judge.

The appellant was found guilty of burglary based on an indictment charging that he entered a mobile home belonging to Lucy Haney with intent to commit a theft therein. On appeal, he contends that the trial court erred in failing to give his requested charge on criminal trespass as a lesser included offense.

The state's evidence showed that on the night of the alleged burglary, the appellant joined with Michael Wells, Lamar Cooper, and Danny Bearden in taking a ham from a house located across the street from the mobile home, after which the four men broke into the mobile home, turned on the stereo, cooked the ham, and drank some beer. Their suspicions aroused by the actions of the four men, a

couple living in a house immediately behind the trailer notified the police. When the police arrived, Bearden and Wells ran out the back door, but the appellant and Cooper remained inside and were arrested immediately. It appears that the four men had been inside the trailer partying for several hours before the police arrived.

Lucy Haney testified that when she inspected her trailer the next day, she found that a small television set and a cassette tape player had been taken and that someone had thrown eggs against a mirror and used her stove to cook ham and biscuits. She stated that no one was residing in the trailer at the time and indicated that it had been almost a week since she had been there. Both Cooper and Wells testified that they had seen no one take anything from the trailer. *Held:*

The jury could have easily and justifiably concluded from the state's own evidence that although the appellant entered the trailer for an unlawful purpose, he did not do so with the intent to commit a theft or felony therein. It follows that the requested charge on criminal trespass (Code Ann. § 26-1503 (b) (1)) was adjusted to the evidence and that the court erred in refusing to give it. Accord, *Huffman v. State,* 153 Ga. App. 203 (2) (265 SE2d 603) (1980); *Loury v. State,* 147 Ga. App. 152 (2) (248 SE2d 291) (1978). See generally *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 3, 1982.

*Clifton M. Patty, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, Roland Enloe, Assistant District Attorney,* for appellee.