## 66641. HAYES v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of theft by shoplifting and was sentenced to a term of 10 years to run consecutive to the sentence he received in a prior probation revocation. In his appeal, appellant contends that the trial court erred in denying his motion to dismiss the indictment and his motion for directed verdict. Additionally, appellant argues that the trial court abused its discretion by permitting the state to reopen its case after the state had rested. Finally, appellant asserts the general grounds.

1. Appellant was observed removing an air conditioner from the loading dock of a J. C. Penney store by an employee who claimed to know the appellant. When the intruder realized that he had been seen, he dropped the air conditioner and ran away. On cross-examination, the employee admitted that it was possible that he could be mistaken as to the identity of the man on the loading dock, but, on redirect examination, he asserted that defense counsel's question had confused him and that he was sure that it was appellant whom he had seen take the air conditioner from the platform. Appellant argues that the employee was so thoroughly impeached, a rational trier of fact could not possibly believe him. However, "[i]t is within the power and right of a jury to believe a witness, no matter what effort may have been made to impeach him, or what testimony has been presented for that purpose, and even though the witness be not corroborated." *Solomon v. State,* 10 Ga. App. 469 (Hn. 3) (73 SE 623). See also OCGA § 24-9-85 (a) (Code Ann. § 38-1806).

Appellant also contends that the state failed to prove each element of the crime of shoplifting, since the perpetrator took the air conditioner from the loading dock and not from the retail area of the store. This contention is erroneous, since OCGA § 16-8-14 (Code Ann. § 26-1802.1) states, in pertinent part, that a person commits theft by shoplifting when he "[c]onceals or takes possession of the goods or merchandise *of any store or retail establishment."* (Emphasis supplied.) The statute makes no mention of any requirements that the taking must occur in a specified area of the store or retail establishment.

After a review of the record, we find that a rational trier of fact could find appellant guilty as charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). It follows that the trial court did not err in denying appellant's motion for directed verdict.

2. Appellant contends that the trial court erred in denying his motion to dismiss the indictment because appellant was indicted more than four months before counsel was appointed to represent

him. "The appellant's right to counsel includes the benefit of counsel at all the critical stages of the case and sufficiently prior to the trial for adequate preparation." *Rose v. State,* 128 Ga. App. 370, 372 (196 SE2d 683). A review of the record reveals that appellant's counsel was appointed approximately three months prior to trial and was present at all "critical stages" of the case. We consider this to be a sufficient time for adequate preparation of appellant's defense. Therefore, this enumeration is without merit.

3. Appellant argues that the trial court abused its discretion by allowing the state to reopen its case in order to prove the value of the air conditioner. This matter lends itself to the discretion of the trial court and we find no abuse of discretion in this instance. *Lemon v. State,* 161 Ga. App. 692 (2) (289 SE2d 789).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 3, 1983 —
REHEARING DENIED NOVEMBER 2, 1983.

*T. Lee Bishop, Jr.,* for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.