## 66778. LOGGINS v. THE STATE.

Pope, Judge.

Calvin Loggins brings this appeal from his conviction of entering a motor vehicle with intent to commit theft and recidivism. *Held:*

1. Appellant's first enumeration cites as error the trial court's allowing a witness for the state to testify as to an alleged prior similar act, thereby placing appellant's character in issue. The testimony complained of was given by the arresting officer. He testified that on

Sunday morning, August 8, 1982, he noticed the dew had been brushed off a portion of the front windows of several vehicles located on the lots of the Dodge and Chevrolet dealerships in Athens, Georgia. On a previous occasion in March of 1982 the officer had noticed that dew had been similarly brushed off several vehicles on the lot of the Dodge dealership. At that time, the officer's investigation disclosed that the radio in one of the vehicles had been tampered with, the knobs having been pulled off. While making a circle around the lot a short while later, the officer saw appellant walking from the back portion of the lot. Appellant was not connected in any other manner with this incident in March.

On August 8 the officer was headed back to the Chevrolet dealership to check for tampering the vehicles from which the dew had been removed. At that time he observed an automobile driven by appellant headed in the direction of the Dodge dealership. The officer turned around and drove to a spot near the Dodge dealership, where he concealed his vehicle from view. After a few minutes he observed appellant's automobile arrive at the Dodge dealership and park. Appellant exited his vehicle. The officer lost sight of appellant temporarily but then noticed some movement in the cab of a green pickup truck sitting on the Dodge lot. The officer drove his vehicle to the location of the pickup truck and observed appellant leaning over in the front seat with his feet hanging out the door, his head down below the radio. Appellant sprang up, laid a shiny object in his hand on the seat, and raised his hands in the air. The officer observed a pair of pliers on the seat of the pickup and the facing and knobs from the radio on the floorboard.

The evidence of the March 1982 incident did not directly connect appellant to any crime or criminal activity. The evidence merely tended to show why the arresting officer acted as he did. "Such evidence properly explained his conduct. As such it was admissible. Evidence, otherwise admissible, does not become inadmissible simply because it might inferentially place the accused's character in issue. [Cits.]" *Taylor v. State,* 143 Ga. App. 881, 882 (240 SE2d 236) (1977). See *Cook v. State,* 162 Ga. App. 778 (2) (293 SE2d 46) (1982); see also *Evans v. State,* 167 Ga. App. 396 (3) (306 SE2d 691) (1983).

2. Appellant next contends that the trial court erred in denying his motion for directed verdict on the ground that the state's evidence failed to establish a lack of authority to enter the subject pickup truck. Indeed, the evidence at trial showed that any member of the public was authorized to enter any unlocked vehicle on the Dodge lot, and the pickup in question showed no signs of forced entry. However, no member of the public was authorized to remove a radio from such

an unlocked vehicle.

A crime is committed "[i]f any person shall enter any ... motor vehicle with the intent to commit a theft. ..." OCGA § 16-8-18 (Code Ann. § 26-1813.1). The statute makes no distinction between an authorized entry and one unauthorized. Thus, all that was required in this case was proof that appellant entered the pickup truck with the intent to commit theft. Since there was at least some evidence of this, the trial court did not err in denying appellant's motion for directed verdict. See OCGA § 17-9-1 (a) (Code Ann. § 27-1802).

3. In his third enumeration of error appellant argues that the trial court erred in refusing to charge the jury as per his written request on the "lesser included offense" of criminal attempt to commit theft by taking. Appellant argues that such a charge was authorized by the evidence.

The undisputed evidence of record showed that appellant entered the subject pickup truck; appellant simply denied having done so with intent to commit theft. Thus, the sole issue remaining for jury determination was whether or not appellant had entered the pickup truck with intent to commit theft. Assuming arguendo that criminal attempt to commit theft by taking is a "lesser included offense" of entering a motor vehicle with intent to commit theft, the trial court in the case at bar did not err in refusing the proffered charge. "Where the uncontradicted evidence shows completion of the greater offense, the charge on the lesser offense is not required. *Jordan v. State,* 239 Ga. 526 (2) (238 SE2d 69) (1977)." *Marable v. State,* 154 Ga. App. 115, 116 (267 SE2d 837) (1980). See *Shields v. State,* 162 Ga. App. 388 (2) (291 SE2d 448) (1982).

4. The issue raised by appellant's final enumeration of error is controlled adversely to him by *Muhammad v. State,* 243 Ga. 404 (1) (254 SE2d 356) (1979), and *Tullis v. State,* 161 Ga. App. 106 (1) (289 SE2d 310) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 16, 1984.

*Donald T. Wells, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.